## MORRIS v. ZIMMERMAN et al.

(Supreme Court, Appellate Division, First Department. May 6, 1910.)

INNKEEPERS (§ 10*)—INJURY TO GUEST.

Where plaintiff introduces evidence to show that he was a guest over night at defendants' hotel, and while dressing he was struck on the head by a large piece of plaster which fell from the ceiling, and there is no evidence as to what caused the fall of the plaster, the presumption is that defendants were responsible for it, and the burden is cast upon them to explain the accident, and a dismissal of the complaint is improper.

[Ed. Note.—For other cases, see Innkeepers, Dec. Dig. § 10.*]

Ingraham, P. J., and Scott, J., dissenting.

Appeal from Trial Term, New York County.

Action by Louis Morris against Gus Zimmerman and George Zimmerman, doing business under the firm name and style of Gus Zimmerman & Son. From a judgment dismissing the complaint, plaintiff appeals. Reversed and remanded.

Argued before INGRAHAM, P. J., and LAUGHLIN, CLARKE, SCOTT, and MILLER, JJ.

Jacob M. Kram, for appellant.
George H. Taylor, Jr., for respondents.

MILLER, J. The plaintiff was a guest over night at the defendants' hotel. While in the act of dressing in the morning, he was struck on the head by a large piece of plaster, which fell from the ceiling, inflicting injuries for which this action was brought. He testified that, when he awoke in the morning and before the ceiling fell, he heard "chiseling or knocking with hammers about the building." There was no direct evidence to explain the accident. The complaint was dismissed at the close of the plaintiff's case.

I shall assume that the slight evidence tending to show that repairs were being made to the building was insufficient to connect that work with the fall of the plaster, but still I think there is sufficient evidence to call upon the defendants for an explanation. The defendants assert that the case is controlled by the landlord and tenant cases, of which class the cases of injuries from defective stairs and hallways are the familiar examples. It may be assumed that an innkeeper, like a landlord, is required to exercise only reasonable care, but the requirements of reasonable care in the two cases are not the same. In the case of leased premises, with a part retained by the landlord for the use of several tenants, a defective condition might arise or an accident happen from a variety of causes over which the landlord would have no control, which he would have no reason to anticipate, and for which he could not be held responsible unless the defective condition existed for a sufficient time to charge him with notice thereof. The landlord does not have the opportunity, and cannot be expected, to exercise that constant watchfulness which an innkeeper may exercise, and which, I think, reasonable care requires him to exercise for the protection of his guests.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

While neither side has found a case precisely like this, the principles controlling were settled by what is now the leading case on the subject. Griffen v. Manice, 166 N. Y. 188, 59 N. E. 925, 52 L. R. A. 922, 82 Am. St. Rep. 630. It was held in that case that the application of the rule res ipsa loquitur depends "on the circumstances and character of the occurrence, and not the relation between the parties, except indirectly so far as that relation defines the measure of duty imposed on the defendant." The measure of duty in that case was held to be reasonable care, and yet the maxim was applied because the court thought that ordinarily such an accident, as occurred in that case, would not have happened had reasonable care been exercised. Judge Cullen pointed out in that case that the application of the maxim depended upon two rules of evidence: (a) That a fact may be proved by circumstantial as well as by direct evidence; (b) that, where one party has it in his power to produce evidence which the other party is unable to produce, but slight evidence is required to shift on the party possessing the knowledge the burden of an explanation. Both of those rules are applicable to this case.

Plaster does not ordinarily fall from properly constructed ceilings, unless the ceiling is out of repair, or there is some adequate external cause. If there was an external cause in this case, the fair inference is that the defendants were responsible for it, and they have it in their power to explain it. If the accident was due to the defective condition of the ceiling, the defendants in the exercise of that watchfulness which an innkeeper owes to his guests should have discovered it. The plaintiff only knows that he was hurt by a fall of the plaster. I can see no distinction between the fall of plaster upon a guest in a hotel and the fall of a wall upon a pedestrian in the street. See Mullen v. St. John, 57 N. Y. 567, 15 Am. Rep. 530. Both occurrences point to negligence, to a defective condition which the defendants in the exercise of the care which they owed to the plaintiff should have discovered, or to some external cause within the defendants' control. Under such circumstances, the rule applies, and the burden is cast upon the party having it within his power to explain the accident.

The judgment should be reversed and a new trial granted, costs to abide the event.

LAUGHLIN and CLARKE, JJ., concur.

INGRAHAM, P. J. The complaint in this action alleges that the defendants were keepers and proprietors of a certain hotel situated at the corner of Canal street and the Bowery in the city of New York; that on the 18th of March, 1907, the plaintiff called at the defendants' hotel, applied for a room, and was thereupon received as a guest of the hotel by the defendants and assigned to a room therein; that on the morning of the following day, while plaintiff was occupying the said room, a portion of the ceiling or plaster in the room fell upon the plaintiff; that the fall of the ceiling or plaster was caused and brought about wholly and solely through the carelessness of the defendants without any fault or want of care on the part of the plaintiff, and the action is brought to recover for the damages caused thereby. The

cause of action being thus based solely upon the negligence of the defendants, to entitle the plaintiff to recover, he must prove such negligence. The evidence adduced by the plaintiff was confined to the facts that plaintiff was received at the hotel, assigned a room, and that, while in the room, he was injured by the fall of the plaster from the ceiling. There was no evidence that the plaster was out of order except what could be inferred from the fact that it fell, and it seems to be conceded that the plaintiff cannot recover unless what has been called a rule of evidence should apply by which the jury were authorized to find negligence from the happening of the accident itself; or, in other words, that the maxim, "Res ipsa loquitur," was applicable to an occurrence of this character.

It is now firmly established that what has been called the maxim, "Res ipsa loquitur," is a rule of evidence, and applies to such cases as from the nature of the accident or the connection of the party sought to be held liable the inference of negligence is justified by the happening of the occurrence which caused the injury. It has been applied in the case of a person injured upon a highway by something falling from an adjoining building. It has also been applied in the case of a common carrier of passengers when a passenger was injured, based upon the obligation that the carrier assumed of using the utmost care and caution to prevent injury to a passenger while being conveyed. It has also been applied in a class of cases where the owner of a building has maintained an appliance for conveying his tenants through the building, where, in consequence of the character of the machinery and appliances, there is imminent danger of injury unless the care commensurate with the nature of the service rendered is exercised. The leading case of Griffen v. Manice, 168 N. Y. 188, 59 N. E. 925, 52 L. R. A. 922, 82 Am. St. Rep. 630, contains a very full discussion of the rule and the principles regulating its application. It was there said:

"It is not the injury, but the manner and circumstances of the injury, that justify the application of the maxim and the inference of negligence. * * * The res, therefore, includes the attending circumstances, and, so defined, the application of the rule presents principally the question of the sufficiency of circumstantial evidence to establish or to justify the jury in inferring the existence of the traversable or principal fact in issue, the defendant's negligence."

The court then comments upon two cases, saying:

"In Muller v. St. John, 57 N. Y. 567, it was held that the falling of an adjacent building into the street whereby the plaintiff traveling on the street was injured was prima facie evidence of negligence. In Piehl v. Albany Railway Co., 30 App. Div. 166, 51 N. Y. Supp. 755, affirmed 162 N. Y. 617, 57 N. E. 1122, a flywheel was disrupted and a portion of it cast across the street into a saloon, killing the plaintiff's intestate. It was held that the mere bursting of the flywheel was not sufficient to warrant an inference of negligence. These two cases proceeded on the differing views that this court took as to the nature of the respective accidents, not on the situation of the parties. * * * To put it tersely, the court thought that, in the absence of tempest or external violence, a building does not ordinarily fall without negligence; while it is also thought that the disruption of a flywheel proceeds so often from causes which science has been unable to discover or against which art cannot guard that negligence cannot be inferred from the occurrence alone. * * * When the facts and circumstances from which the jury is asked to infer negligence are those immediately attendant on the occurrence, we speak of it as a case of 'res

ipsa loquitur.' When not immediately connected with the occurrence, then it is an ordinary case of circumstantial evidence."

And cites with approval from Benedick v. Potts, 88 Md. 52, 40 Atl. 1067, 41 L. R. A. 478:

"This phrase (res ipsa loquitur), which literally translated means that 'the thing speaks for itself,' is merely a short way of saying that the circumstances attendant upon an accident are themselves of such a character as to justify a jury in inferring negligence as the cause of that accident."

Coming now to the accident in question, is this one in which from the nature of the accident it can be said that no such accident could ordinarily have occurred had defendants exercised the care that was required of them in maintaining this room in their hotel in a safe and proper condition for use? There was no evidence that this ceiling had ever been in a condition that required the defendants to repair it or of notice to the defendants that it was out of repair, or that there is any means by which a person can ascertain when a ceiling is about to fall. We have the bare fact that a ceiling fell. It was not an intricate machine which when maintained in order and properly operated cannot cause an injury, but an ordinary appliance in common use which under ordinary circumstances is entirely safe. It was certainly as safe as the stairs in a house to which the public are invited, or to which the owner extends an implied invitation, or any other appliance in such a house supplied for the common use of its tenants. If a ceiling in the hall of this hotel had fallen while the plaintiff was proceeding to his room, the mere fact that it so fell would not, I assume, justify the application of this rule, and I know of no principle which justifies imposing upon an innkeeper who rents a room a greater obligation to his guests after they have entered the room than when in the passages adjacent to it. It is true that it is a most unusual thing for a ceiling to fall, but it seems to me that without some evidence as to what caused it to fall, or some evidence to show that its fall was the result of some failure of the innkeeper to ascertain the fact that it was unsafe or of some indication that it needed repair, the case lacks the proof of negligence essential to a recovery. The evidence of the plaintiff that he heard a hammering or pounding some time before the occurrence without any indication of the place from which it proceeded, whether it was in the same building or not, or in a portion of the building over which the defendants had control, was certainly no evidence that the injury was caused by such hammering or pounding, or that the defendants were responsible therefor. I therefore cannot agree that the rule res ipsa loquitur justified the court in submitting this question to the jury.

There is a further question presented as to whether the relation of innkeeper and guest placed upon the innkeeper any greater burden than that imposed upon all persons who rent out a portion of a building to others. It is, I think, settled that, where a landlord rents an apartment to a tenant, he is not liable for the fall of a ceiling in the apartment rented. Kushes v. Ginsberg, 99 App. Div. 417, 9 N. Y. Supp. 216, affirmed 188 N. Y. 630, 81 N. E. 1168. Nor would a landlord be liable to a tenant for personal injuries caused by a failure

to keep the stairs and hallways in a safe condition, unless it was proved that the defendant knew of the unsafe condition, or that it had existed for such a length of time that the defendant should have known of it and repaired it. Idel v. Mitchell, 158 N. Y. 134, 52 N. E. 740. I do not understand that in this respect the obligation of an innkeeper to a guest is different from that assumed by an owner of a house rented to various tenants and who reserves a portion of the house for common use, in which case the negligence of the landlord must be established by affirmative evidence. And that this is the extent of the obligation of the innkeeper is sustained by Sandys v. Florence, 47 L. R. C. P. 598. It was there said that it was the duty of the innkeeper to take reasonable care of the persons of his guests so that they should not be injured by anything happening to them through his negligence while they are his guests, thus establishing that the cause of action is based on negligence as the complaint alleged in this case and which I think the evidence failed to prove.

I think, therefore, the judgment was right, and should be affirmed.

SCOTT, J., concurs.