GOLDSTEIN v. LEVY.

(Supreme Court, Appellate Term. November 28, 1911.)

THEATERS AND SHOWS (§ 6*)—INJURY TO THEATER PATRON—NEGLIGENCE—EVIDENCE.

The breaking and falling of a shade around one of the electric lights of a chandelier in a music hall, whereby a patron was injured, being an unusual accident, negligence is presumed, under the rule of res ipsa loquitur, casting on the proprietor the burden of explaining the accident, so as to overcome such presumption, which is not done by evidence tending to show that three days before, and once a week regularly theretofore, inspection of the chandelier and shades was carefully made by an electrician employed therefor.

[Ed. Note.—For other cases, see Theaters and Shows, Cent. Dig. § 6; Dec. Dig. § 6.*]

Appeal from Municipal Court, Borough of Manhattan, Second District.

Action by Dora Goldstein against Etta Levy. From an order setting aside a verdict for plaintiff, plaintiff appeals. Reversed, and verdict reinstated.

Argued before SEABURY, GUY, and COHALAN, JJ.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Breitbart & Breitbart (Bernard Breitbart, of counsel), for appellant.

E. B. Wilson, for respondent.

SEABURY, J. This action was brought to recover damages for personal injuries alleged to have been caused by the defendant's negligence. The plaintiff purchased a ticket and went into a music hall owned and controlled by the defendant. Above the place where the plaintiff was seated there was suspended from the dome of the hall a chandelier containing about 21 electric lights, used for lighting the hall in order that the patrons might witness the performance. A shade surrounding one of these lights broke, and a piece of it fell upon the plaintiff, causing the injuries complained of. The accident occurred on a Thursday, and the defendant proved that on the previous Monday she had the chandelier and shades examined by an electrician employed for that purpose; also that the chandelier and shade had been in like manner inspected every week prior to the accident, and for the period of six years prior to the accident no similar accident occurred, and the globes had never been discovered to be defective or in a dangerous condition. The defendant, however, offered no evidence to explain the cause of the accident.

In our opinion the facts above recited called for the application of the rule res ipsa loquitur, and the burden was upon the defendant to explain the accident in such a manner as to overcome the presumption of negligence raised by the plaintiff's proof. This the defendant did not do. Evidence tending to show that inspections were carefully and regularly made is insufficient to establish that the accident itself was not caused by the defendant's negligence. The circumstances and character of the occurrence were such as to call for the application of the doctrine of res ipsa loquitur. The accident was unusual. The plaintiff could not be expected to define its exact cause. If the inspections which the defendant claimed were made had been carefully made, it is not inconceivable that the defect which caused the shade to fall might have been discovered. If one may be held liable for the fall of a wall upon a pedestrian (Mullen v. St. John, 57 N. Y. 567, 15 Am. Rep. 530), or an innkeeper for the fall of plaster from a ceiling upon a guest (Morris v. Zimmerman, 138 App. Div. 114, 122 N. Y. Supp. 900), we can see no good reason why the same principle which was applied in those cases should not be held applicable here.

The facts proved by the plaintiff established a prima facie case, which was put in issue by the proof of care which the defendant claims she exercised. This issue was properly submitted to the jury for their determination, and in our opinion the verdict of the jury in favor of the plaintiff cannot properly be held to be contrary to the evidence or the law. In our judgment, the learned trial court erred in setting aside the verdict.

Order reversed, with costs, and verdict reinstated, with costs to the appellant. All concur.