## 15099. BONITA THEATRE v. BRIDGES.

1. One who is in the control of a building which he uses as a show house, to which the public are invited for his profit, and who assumes the construction of the plastering therein, is liable to an invitee injured by the falling of the plastering because of defects in its construction, of which he had knowledge or of which he ought to have known in the exercise of ordinary care.

(a) "Where something unusual happens with respect to a defendant's property, over which he has control, and by such extraordinary occurrence a plaintiff is injured (the occurrence being such as does not happen if reasonable care has been used), an inference may arise that the injury was due to the defendant's negligence. The maxim res ipsa loquitur is a rule of evidence, to be applied by the jury, if applied at all. The inference which may in some cases arise from an unexplained occurrence which has worked an injury to another, that the defendant who had in charge the instrumentality which was the direct cause of the injury was guilty of negligence, may or may not be drawn by the jury; but, like the fact of negligence or no negligence, the inference which the jury may be authorized to draw is peculiarly an inference of fact." *Sinkovitz* v. *Peters Land Co.*, 5 *Ga. App.* 788 (2) (64 S. E. 93).

(b) The court did not err in instructing the jury in accordance with the principles expressed above.

(c) The jury were authorized to apply the maxim res ipsa loquitur in the instant case, and, from certain facts proved, to infer that the defendant was negligent as alleged. The defendant's rebuttal did not demand a finding that it was exonerated. The evidence authorized the verdict.

2. One of the excerpts from the charge of the court, complained of in the motion for a new trial, was in the language of the second headnote of the decision of this court in *Moone* v. *Smith*, 6 *Ga. App.* 649 (65 S. E. 712), as follows: "The duty assumed by the owner of a place of amusement or recreation where the public are invited, for his profit and their pleasure, is analogous to that which the law imposes upon carriers of passengers, differing only in the standard of care required. In the latter, the standard is extraordinary care; and in the former, ordinary care." While language which would be appropriate in a headnote or in an opinion by a reviewing court may be improper when embodied in a charge to a jury, and while the comparison contained in this portion of the judge's charge in the instant case was irrelevant, the defendant was not prejudiced thereby. None of the assignments upon this or any other part of the judge's charge required the grant of a new trial. The court did not err in overruling the motion upon all the grounds taken.

DECIDED MARCH 13, 1924.

Action for damages; from Fulton superior court—Judge Bell. September 10, 1923.

*W. O. Wilson,* for plaintiff in error.

*Branch & Howard,* contra.

BELL, J. J. W. Bridges brought an action for personal injuries

against the Bonita Theatre, a corporation, and recovered a verdict for $1100. The defendant's motion for a new trial was overruled, and it excepted.

The injury sued for was caused by the falling of the overhead plastering in the defendant's theatre building, in which the plaintiff, as an invitee, was attending a show. The petition averred, that the "defendant was negligent, in that the said plastering was allowed to be on said overhead ceiling without being properly supported, in that there was nothing underneath said plastering to hold the same up, and the same was of an inferior quality of plastering material, being too brittle and not having the proper tensile strength, so that the keys thereto between the lathes would hold the weight of said plastering, and in that the said plastering did not have sufficient fiber or hair in the same to give it the proper tensile strength necessary to support the weight of the same overhead." There was no direct evidence to sustain these averments, and it is urged by the plaintiff in error that the doctrine of res ipsa loquitur does not apply in this case; and that by reason of the failure of the plaintiff otherwise to make proof or even attempt to make proof of any of the acts of negligence set forth in his petition, the verdict is unsupported by the evidence, and that for this reason the motion for a new trial should have been sustained upon the general grounds.

The plaintiff testified that the piece of plastering that fell upon him was about four or six feet square. He could not say how deep it was, but it was a large piece. Mr. George Campbell, sworn for the defendant, testified: "I am the manager of the Bonita Theatre. I remember the occasion when the plastering fell at that theatre. . . I think that plastering had been on that ceiling between six and seven years, but I don't remember how long. There was nothing on the plastering such as a watermark or a leak, to indicate that there was anything the matter with it; there was nothing to show up. I don't know what made it fall, but there was nothing to show up, because every morning—it is a public place and I looked at it myself. Yes, there was something the matter with it to make it fall, but there was nothing to show up, a mark or anything. The fellow that put up there is named George Goodrich, but he was killed last year in Jacksonville. I had it put

up there six or seven years before, when they remodeled the house. I examined the plastering after it fell. I think it was about three foot square. That was a plastering with a sand finish, what they call a smooth sand finish, but I don't know the name of it. The theatre is about seventy-five feet long and twenty-three feet wide. It is one solid ceiling up there with sand plastering. As to whether or not we have any strips or anything under the plastering—we have got it divided one or two, like this ceiling you see."

1.  "Where the owner or occupier of land, by express or implied invitation, induces or leads others to come upon his premises for any lawful purpose, he is liable in damages to such persons for injuries occasioned by his failure to exercise ordinary care in keeping the premises and approaches safe." Civil Code (1910), § 4420. The owner of a building is responsible to others for damages arising from defective construction. Civil Code (1910), § 3694. While it was not shown, in the evidence, that the defendant was the owner of the building, the testimony of Mr. Campbell authorized the inference that the defendant was responsible for the construction of the plastering which fell. It therefore makes no difference whether the defendant knew when the plastering was being constructed that it was defective. It was its absolute duty to know. Defective construction is misfeasance; and where there is absolute misfeasance, the party guilty thereof is ipso facto chargeable with knowledge. Construction which is not strong enough to stand the strain of ordinary use is defective construction. *Monahan* v. *National Realty Co., 4 Ga. App.* 680 (1) (62 S. E. 127). The duty referred to is to be exercised, of course, under the rule of ordinary care.

The falling of plastering in a theatre building is an unusual occurrence, although it may occasionally happen. "Where something unusual happens with respect to a defendant's property over which he has control, and by such extraordinary occurrence a plaintiff is injured (the occurrence being such as does not happen if reasonable care has been used), an inference may arise that the injury was due to the defendant's negligence. The maxim res ipsa loquitur is a rule of evidence, to be applied by the jury, if applied at all. The inference which may in some cases arise from an unexplained occurrence which has worked an injury to another, that the defendant who had in charge the instrumentality which was the

direct cause of the injury was guilty of negligence, may or may not be drawn by the jury; but, like the fact of negligence or no negligence, the inference which the jury may be authorized to draw is peculiarly an inference of fact." *Sinkovitz* v. *Peters Land Co., 5 Ga. App.* 788 (2) (64 S. E. 93). We have no hesitancy in holding that the jury were authorized to apply the rule of evidence referred to in this decision, and to find that the defendant was negligent in the particulars alleged in the petition. The testimony introduced by the defendant with regard to the construction of the plastering was not such as to require a finding that the defendant was exonerated. The verdict was supported by the evidence. This ruling will dispose of the general grounds of the motion for a new trial, and also of ground 1 of the amendment to the motion.

In ground 2 of the amendment to the motion for a new trial error is assigned upon a charge of the court which was a verbatim restatement of the first sentence quoted above from the decision of this court in the *Sinkovitz* case, supra. It is assigned that the use of the clause shown in parentheses, "the occurrence being such as does not happen if reasonable care has been used," was in effect an expression of opinion by the court that the acts alleged would not have happened if reasonable care had been used. We do not think the expression was susceptible of this construction, but it was equal to this: "provided the occurrence be such as does not happen if reasonable care has been used," and that the jury must have so understood it. It is urged further that the charge was error because it excluded from the jury any consideration of the fact that the plastering might have fallen from some latent defect or from some cause not chargeable as negligence against the defendant, and amounted to an instruction that the defendant was negligent. This assignment is without merit. As we have stated above, the fact that if the plastering was defective, the defect was latent and unknown would not necessarily absolve the defendant from liability; and there was no expression of opinion by the court as to what had been proved.

With an explanation of the meaning of the phrase "res ipsa loquitur," the court instructed the jury further in the language of the second and third sentences which we have quoted above from the *Sinkovitz* case. In ground 3 of the amendment to the motion

for a new trial it is assigned: (*a*) "that this was a mere general charge that there would be an inference of negligence from a given state of facts," and (*b*) that it "was erroneous because it failed to instruct the jury in clear and unequivocal terms that negligence must be proved, and it is for them to consider whether the manner of the occurrence and the attendant circumstances are of such a character that they would in their judgment and discretion be authorized to draw an inference that the occurrence could not have taken place if due diligence had been exercised." It is, of course, error for the court to charge "that a given state of facts either constitutes or affords prima facie proof of negligence, where there is no statute declaring that this is true as a matter of law." *Augusta Railway Co.* v. *Weekly,* 124 *Ga.* 384 (2) (52 S. E. 444). There was nothing in the charge here complained of which violated this well-known and oft-repeated rule. The second criticism upon the excerpt does not present any question for decision. A complete, accurate, and pertinent instruction is not within itself erroneous because it fails to embrace an instruction which would be appropriate in connection with the instruction given. *Lucas* v. *State,* 110 *Ga.* 756 (36 S. E. 87); *Johnson* v. *State,* 150 *Ga.* 67 (3 *a*) (102 S. E. 439); *Shelton* v. *State,* 150 *Ga.* 71 (2) (102 S. E. 355); *Wilson* v. *State,* 150 *Ga.* 285 (103 S. E. 682); *Green* v. *State,* 150 *Ga.* 121 (102 S. E. 813); *Bowden* v. *State,* 151 *Ga.* 336 (4), 339 (106 S. E. 575). The excerpt here complained of, not being in itself erroneous, was not rendered so because the court did not charge something else in the same connection.

Ground 5 alleged that a new trial should be granted "because the charge as a whole charged the jury in mere general terms as to the doctrine of res ipsa loquitur, and failed to instruct the jury in clear and unequivocal terms as to the law applicable thereto." This assignment is too general. *Smith* v. *State,* 125 *Ga.* 300 (1) (54 S. E. 124); *Spence* v. *Morrow,* 128 *Ga.* 722 (1) (53 S. E. 356); *McElwaney* v. *MacDiarmid,* 131 *Ga.* 97 (6) (62 S. E. 20); *Wall* v. *State,* 153 *Ga.* 309, 323 (112 S. E. 142). It is shown in the brief of counsel for the plaintiff in error that the "law applicable thereto,—that is, to the doctrine of res ipsa loquitur,—which it is contended the court erroneously omitted to charge, is the same as set

out in the assignment *b* upon the charge excepted to in ground 3, the same being a verbatim statement of a part of the decision of the Supreme Court in *Palmer Brick Co.* v. *Chenall,* 119 *Ga.* 837, 843 (47 S. E. 329). "Grounds of a motion for new trial should be complete within themselves." *Daniel* v. *Schwarzweiss,* 144 *Ga.* 81 (1) (86 S. E. 239). Two imperfect grounds cannot be put together and considered as a single perfect ground, nor may an incomplete assignment be aided by brief. If ground 5 had been as complete as the assignment *b* in ground 3 or as the statement in the brief of counsel for the plaintiff in error, it is possible that the question would have been sufficiently presented as to whether the court erred in omitting to charge substantially in the language of the Supreme Court's decision in the *Chenall* case, to which reference has been made, but the question does not arise under the record.

These rulings on practice are not made for the purpose of shirking the decision of any question, but are in accordance with long and well-established usage, as appears in the reported cases. The rule requiring that assignments of error in a motion for a new trial should be specific is not enforced merely for the convenience of the court of review, but is to be complied with out of fairness to the court below, in order that the trial judge may intelligently correct alleged errors, if existing, when he passes upon the motion for a new trial. The opposite party also has an interest in having explicit information as to what questions are presented when the motion is heard in the trial court. In some cases it may be that if he is specifically enlightened as to the error which the movant claims to have been committed, he may be willing to concede it and consent that the motion be sustained rather than to incur the delay incident to a review. But we do not think that the plaintiff in error has lost anything by the form of the assignments in the instant case. Even if we interpret and consider them in accordance with the contentions contained in the brief filed by its attorney, we find that the learned judge who sat in the case below instructed the jury in "clear and unequivocal terms" that "where the defendant denies any allegations contained in the plaintiff's petition, or says that, for want of sufficient information, it can neither admit nor deny such allegations, the burden of proof is upon the plaintiff to establish such allegations by a legal preponderance of the evidence.

The defendant denies liability, and denies that it was guilty of any negligence, and denies the right of the plaintiff to recover. . . The burden is upon the plaintiff to make out his case by a legal preponderance of the evidence." Thus the jury were explicitly informed that "negligence must be proved," and that the burden of proving it was one to be carried by the plaintiff. We do not think that the Supreme Court, in saying in the *Chenall* case that in cases where the maxim res ipsa loquitur is applicable "the judge should instruct the jury in clear and unequivocal terms that negligence must be proved;" meant to declare that such instructions should be given with any particular emphasis. According to our understanding of the decision in that case, it was the purpose of the Supreme Court merely to make it clear that an application of the maxim under consideration cannot have the effect of raising a presumption that the defendant is negligent or of relieving the plaintiff of his accustomed burden of proof. The spirit of that decision was not violated by the charge in the instant case, either by commission or omission. The jury could not have failed to understand that it was exclusively for their determination whether the inference of negligence should be drawn from the occurrence in question. The maxim is merely a rule of evidence, and the party who relies upon it simply says that from proof of certain facts the jury would be authorized, but not required, to infer the existence of the negligence alleged, and that he has thus carried the burden of making a prima facie case. The courts of this State are committed to the proposition that in certain cases the application of the principle is proper. There is nothing unusual or radical in the decisions so holding. They only recognize the right of a party to prove his case by circumstantial as well as direct evidence. "Circumstantial evidence is that which only tends to establish the issue by proof of various facts, sustaining by their consistence the hypothesis claimed." Civil Code (1910), § 5729. In nearly every case tried the jury are called upon to draw inferences from proved facts, and are to do so by the ordinary test of human experience. Civil Code (1910), § 5735. In this State the philosophy of the doctrine expressed in the maxim res ipsa loquitur is embraced in and its particular application authorized by the Civil Code, § 5743, wherein it is provided that "In arriving at a verdict, the jury from facts

proved, and sometimes from the absence of counter-evidence, may infer the existence of other facts reasonably and logically consequent on those proved." See *Cochrell* v. *Langley Mfg. Co.,* 5 *Ga. App.* 317 (1) (68 S. E. 244).

2. In ground 4 of the amendment to the motion for a new trial exception is taken to an instruction of the court as follows: "The duty assumed by the owner of a place of amusement or recreation where the public are invited for his profit and their pleasure is analogous to that which the law imposes upon carriers of passengers, differing only in the standard of care. In the latter the standard is extraordinary care; in the former, ordinary care. And in this case the duty upon the defendant is exercise of ordinary care, and I have defined to you what ordinary care means." It is urged that this was erroneous for the following reasons: (*a*) "Because it was not applicable to the evidence in'this case, and was prejudicial to the defendant, in that it brought to the attention of the jury injuries occasioned by railroads, which injuries are numerous, sometimes severe, and occasioned by a multitude of causes other than those complained of in this case, and did not differentiate the facts in this case from the numerous causes of accidents which occur on a railroad." (*b*) "Because the said charge is incorrect, in that it failed to explain to the jury that the burden of proof in cases of injuries to passengers is on the carrier, and that the presumption of negligence in such cases is against the carrier, and that this charge failed to draw the proper distinction as to the presumption in cases of carriers of passengers and in the present case." (*c*) "Because it charges that the only difference between carriers of passengers and in the present case is in the standard of care, in the case of carriers extraordinary care being the rule, and in the present case ordinary care. The jury were not charged in this excerpt of the charge, or in any other place in the charge, what extraordinary care was, and therefore a proper distinction was not drawn in the two cases, and such charge tended to and did mislead the jury."

In regard to assignment *a,* we are inclined to the view that the comparison of the duty of one in the position of the defendant to that of a railroad company to its passengers was irrelevant. Although the excerpt is in the exact verbiage employed by this court in the second headnote of its decision in the case of *Moone* v. *Smith,* 6 *Ga. App.* 649 (2) (65 S. E. 712), language which would be proper

in a headnote or in the opinion by a reviewing court may be improper when embodied in a charge to a jury, and the fact that the excerpt was taken verbatim from a decision of this court did not make the giving of it proper. The court in the *Moone* case was merely undertaking by analogy to make clear the *legal principle* upon which is founded the duty of the keeper of a place of amusement to his invitees. The jury could not well have been enlightened by the reference to the duty of a public carrier. They were only concerned in knowing that the duty of the defendant to the plaintiff was that of ordinary care. Still it does not appear that the defendant was harmed by the excerpt. We cannot say that a jury would be inflamed, in any case, by a foreign reference to a case of personal injury by a carrier. This is not presumed. It is well settled that the mere fact that the trial judge interjects into his charge some statement inapplicable to the issues of the case does not always require a reversal. Where such an instruction has been given, the reviewing court looks to the whole record to see if the complaining party in fact suffered prejudice. If so, a new trial will result; otherwise not. We do not think that the defendant could have been prejudiced in the instant case by the inapplicable reference to the duty owing by public carriers to their passengers.

With reference to assignment *b,* the court was not dealing with the subject of burden of proof, but simply with the defendant's duty, and there was nothing in the charge which would warrant the supposition that it authorized an application of the rule, obtaining in cases of personal injuries by a carrier to a passenger, that upon proof of the injury the carrier is presumed to have been negligent, until the contrary is shown.

The court did not err as contended in the last assignment upon the excerpt here under consideration, in failing to distinguish between the extraordinary care owing by the carrier to its passengers and ordinary care as due by the defendant to the plaintiff in the instant case. It was sufficient that the jury were informed that the duty resting upon the defendant was the exercise of ordinary care, which the court defined.

We find no cause for setting aside the judgment of the trial court in overruling the motion for a new trial, and the judgment is therefore affirmed.

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*