[Civ. No. 12328. Second Appellate District, Division Two.—November 20, 1939.]

MAY WINDAS, Respondent, v. GALSTON & SUTTON THEATRES INCORPORATED (a Corporation), Appellant.

[Civ. No. 12329. Second Appellate District, Division Two.—November 20, 1939.]

CEDRIC W. WINDAS, Respondent, v. GALSTON & SUTTON THEATRES INCORPORATED (a Corporation), Appellant.

Sidney A. Moss for Appellant.

Caryl Warner, Joseph W. Ryan, and William H. Brawner, for Respondents.

WOOD, J.—While attending a performance in the Marcal Theatre in the city of Los Angeles plaintiffs were injured by the falling of a block of plaster from the ceiling of the theatre about 30 feet above them. Separate actions were commenced by plaintiffs, which were consolidated for trial with actions commenced by other parties who were injured at the same time. A jury returned verdicts in favor of plaintiffs against the corporation which was operating the theatre.

It is contended by appellant that the trial court erred in applying the doctrine of *res ipsa loquitur*, concerning which the jury was given the following instruction: "When a thing which causes injury is shown to be under the management of a defendant, and the accident is such as in the ordinary course of things does not happen if those who have the management use proper care, it affords reasonable evidence in the absence of explanation by the defendant, that the accident arose from want of proper care. And the jury is further instructed that if it should find that defendants or either of them were negligent and that said negligence was the proximate cause of injury, and that plaintiffs were free from negligence, then, in such an event, you shall render your verdict in favor of plaintiffs or either of them and against the defendants or either of them, as the case may be". No criticism is aimed at the language of this instruction, which, though not perfect, sub-

stantially states the rule, but it is claimed that the doctrine has no application in a case where a patron of a theatre is injured by plaster falling from the ceiling.

That the doctrine of *res ipsa loquitur* is in general applicable to cases involving falling objects is not disputed. In a number of jurisdictions the doctrine has been applied to cases of plaster falling from ceilings. Appellant relies upon *Thompson* v. *Cooles*, 7 W. W. Harr. (Del.) 83 [180 Atl. 522], a case in which plaster fell from the ceiling of a pool-room upon one of the patrons, and in which it was held that the doctrine was inapplicable. On the other hand the doctrine has been held applicable in *Morris* v. *Zimmerman*, 138 App. Div. 114 [122 N. Y. Supp. 900], and in *Halterman* v. *Hansard*, 4 Ohio App. 268, where the parties were injured by plaster falling from rooms in hotels; and in *Law* v. *Morris*, 102 N. J. L. 650 [133 Atl. 427, 46 A. L. R. 1108] ; *Taylor* v. *Popular Dry Goods Store*, (Tex. Civ. App.) 10 S. W. (2d) 191, and *Manson* v. *May Dept. Store Co.*, 230 Mo. App. 678 [71 S. W. (2d) 1081], where the parties injured were customers in stores; and in *Bonita Theatre* v. *Bridges*, 31 Ga. App. 798 [122 S. E. 255], where the injured party was attending a performance in a theatre. In California the doctrine was held applicable in *Mintzer* v. *Wilson*, 21 Cal. App. (2d) 85 [68 Pac. (2d) 370], a case in which the plaintiff was injured by falling plaster while she was a guest in a hotel. It thus appears that the trial court ruled in accordance with the weight of authority on the subject and in accordance with a decision of the District Court of Appeal of this state. The ruling of the trial court was both reasonable and just. When plaintiffs entered the theatre they were compelled to rely upon the operator of the theatre to discharge its duty to use reasonable care to see that the premises under its control were kept in a safe condition. Plaster does not ordinarily fall from a ceiling if proper care has been used to see that the ceiling is safe. The way was open to appellant to present an explanation of the occurrence and to dispel ·by evidence, if possible, the inference of want of proper care which arose in favor of plaintiffs. The jury impliedly held that the evidence presented did not dispel this inference.

Appellant further contends that "the evidence introduced by the defendant in explanation of the accident dispels, as a matter of law, the permissible inference of negli-

gence, if the maxim was properly applied in the first instance''. In substantiation of this contention appellant refers to evidence concerning certain inspections made of the premises. We may not, however, consider the contention for the reason that we have not been furnished with such a record as would enable us to do so. (*City of Los Angeles* v. *Moyer,* 108 Cal. App. 4 [290 Pac. 1073].) The trial judge certified that the transcript ''is true and correct as per reporter's certificate''. Two reporters served at the trial and each attached a separate certificate to the transcript. Each certificate contains the names of certain witnesses whose testimony appears to have been transcribed but after the names of two of the witnesses the word, partial, appears in parenthesis. No statement is made in either certificate that all of the testimony is contained in the transcript and no statement is made that all writings received in evidence have been copied and included therein. It is provided in section 953a of the Code of Civil Procedure that ''the judge shall examine the same and see that the same is a full, true and fair transcript . . . . The record before us contains no certificate that the transcript is ''full''. It was the duty of appellant to furnish such a record as would permit the reviewing court to determine if prejudicial error was committed. This court cannot hold that appellant's evidence dispelled the inference in plaintiffs' favor as a matter of law in the absence of all of the evidence on the subject properly certified by the trial court. (*In re Silva,* 213 Cal. 446 [2 Pac. (2d) 341].)

■ It is further contended by appellant that it was not in such control of the premises where the accident occurred as to justify the application of the doctrine of *res ipsa loquitur.* We find no merit in this contention. In its answer appellant admitted that ''at all times pertinent hereto it was in possession of and the operator of'' the theatre in question. Appellant was the lessee of the theatre from the owner of the property. The front part of the building was a two-story structure, the foyer of the theatre being on the first floor. The offices above the foyer were rented to other parties by the owner. The theatre, which was occupied solely by appellant, was separate and had a separate roof. There was an atttic between the ceiling and the roof. By the terms of the lease appellant was granted full possession of the theatre. The

owner agreed to repair any damage to the "outside and roof of said premises", but appellant, as lessee, agreed to "keep and maintain said premises and property demised herein in good order and condition except as herein otherwise provided." It thus appears that appellant expressly agreed to keep the ceiling in good condition. There is nothing in the owner's agreement to repair the roof which in any way affected appellant's control and management of the theatre, including its ceiling, or his duty to use reasonable care for the protection of the patrons of the theatre. �oreover, appellant cannot be excused by a covenant with the lessor from the duty of using proper care in the management of the premises under its control, premises which appellant had invited the public to enter to view the performances being given. (*Hamelin* v. *Foulkes,* 105 Cal. App. 458 [287 Pac. 526].)

The judgments are affirmed.

Moore, P. J., and McComb, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on December 14, 1939, and an application by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on January 11, 1940.