PEARSON, Judge.
John B. Dickey was injured by a sign which fell from the side of a building and struck him while he was standing on a sidewalk. W. J. Kiely & Co. was named a defendant because it was the general contractor performing certain repairs and alterations to the building; Fine Foods Operating Co. was named as a defendant because it was the tenant of the building; George Robb was also named as a defendant because he was the painting subcontractor. At the conclusion of a jury trial, the judge directed verdicts in favor of Fine Foods and Robb. Ruling upon W. J. Kiely & Co.’s motion for directed verdict was reserved and it was ultimately denied after the jury returned its verdict in favor of plaintiff, Dickey. Final judgment was entered upon the jury’s verdict for the plaintiff, Dickey, and against W. J. Kiely & Co. The instant appeal is from that judgment.
The judgments entered upon the directed verdicts in favor of Fine Foods and Robb have been separately appealed by Dickey, and have been affirmed upon a holding that the plaintiff did not establish a causal connection between any act or omission of these two defendants and his injury.
The jury verdict against the defendant W. J. Kiely & Co. rests upon the doctrine of res ipsa loquitur. As has been often observed, this doctrine is not a substitute for proof but is a rule of evidence which raises an inference of negligence where the defendant has control of the instrument causing the injury and the accident is such that it would not occur in the ordinary nature of things absent negligence of the defendant. E. g., McKinney Supply Company v. Orovitz, Fla. 1957, 96 So.2d 209; Messina v. Baldi, Fla.App.1960, 120 So.2d 819. The trial judge properly instructed the jury upon this doctrine and the jury properly found that the inference was not rebutted.
The evidence clearly established that W. J. Kiely & Co. had control of the exterior of the building for the purpose of renovation. During the time that the company was exercising this control it affixed its company sign to the exterior wall of the *733 building. It is also clear that the sign was improperly secured to the curved front of the building, and because of this defect, it fell upon the plaintiff. The possibility, urged by W. J. Kiely & Co., that its subcontractor may have removed the sign during the process of repainting and then replaced it, is not sufficient to relieve the contractor from its responsibility.
Affirmed.
HORTON, C. J., and CARROLL, CHAS., J., concur.