PEARSON, TILLMAN, Judge.
The appellant as plaintiff alleged that he was injured when a large portion of the ceiling of a hotel in which he was a paying guest fell upon him. The defendant answered by a general denial of negligence and by way of affirmative defense alleged that the proximate cause of the plaintiff’s injuries was a latent defect or an act of God or contributory negligence of the plaintiff. After the completion of discovery procedure the defendant moved for and was granted a summary final judgment. This appeal followed and we reverse.
Samuel Kadushin was a paying guest at the Corsair Hotel on Miami Beach. While he was playing cards in a card room adjacent to the lobby of the hotel a portion of the ceiling fell upon him causing injuries. The defendant hotel offered seven affidavits in support of its motion for summary judgment. One of these was by Mr. Fisher, another guest in the hotel. Mr. Fisher had been in the same room on the preceding five nights and had not seen any cracks, breaks or paint peeling of any kind on the many occasions he looked at the *401 ceiling. Two other affidavits by the owners of the hotel set forth that they had been in the card room and had seen nothing that would give them any indication that there was anything wrong with the ceiling. Next, the superintendent of service for the hotel averred that he too had been in the same room and that he saw none of, the indicia of a faulty ceiling. A maintenance man for the hotel stated by affidavit that early in January, 1958, there had been several severe rain storms and that he had made an inspection of the building to see what damage, if any, was caused by the storms. He further certified that this inspection was made shortly after January 1st, and before the date of the accident and that the inspection was a routine inspection of the walls and ceiling in every area of the hotel. He found no indication of a faulty ceiling. By an additional affidavit it was made to appear that the plasterer, who made the repairs after the ceiling fell, was of the opinion that, because of storms which occurred in the last few weeks of December, 1957, water seeped through a concrete patio above the card room and soaked the plaster board ceiling and caused it to fall. The final affidavit was by a painter who had been employed to paint the inside and the outside of the hotel in December, 1956, a year before the ceiling fell. It was his opinion that the ceiling of the card room was in perfect condition in December, 1956. The sum total of the affidavits is that the defendant had no actual knowledge of the defective ceiling.
At the outset we are concerned with the question of whether the uncon-troverted facts presented by the pleadings and the affidavits show a situation out of which negligence may not be logically inferred. Food Fair Stores of Florida, Inc. v. Patty, Fla.1959, 109 So.2d 5. In a consideration of this question it is necessary to determine whether or not the fact that the plaintiff was injured by the falling ceiling of the hotel in which he was a paying guest raises for his benefit the doctrine of res ipsa loquitur. We are convinced that it does. Res ipsa loquitur is recognized in tort cases in this state as a rule of evidence whereby an inference arises which provides evidence that the injury sprang from defendant’s negligence. Yarbrough v. Ball U-Drive System, Fla.1950, 48 So.2d 82.
This court, in the case of W. J. Kiely & Co. v. Dickey, Fla.App.1960, 124 So.2d 731, held that the doctrine of res ipsa loquitur was properly applied in a case where a person was injured by a falling sign while standing on a sidewalk. The Supreme Court of Florida in Schott v. Pancoast Properties, Fla.1952, 57 So.2d 431, held that the doctrine of res ipsa loquitur was not applicable where a window screen fell from a hotel and struck the plaintiff standing below because the factual situation indicated that the instrument causing the injury was not in the exclusive control of the hotel. The opinion indicates that this special rule of evidence, giving rise to an inference in aid of proof would have been available had the circumstance been otherwise. Thus the appellate courts of this state have been presented with an opportunity to consider and apply the doctrine to falling objects in places where the public assembles.[1] A *402 great many cases in other jurisdictions have found that res ipsa loquitur is applicable to the situation where a portion of premises maintained as a theatre,[2] store[3] or hotel[4] falls upon the business invitee.
In McCleod v. Nel-Co Corp., 350 Ill.App. 216, 112 N.E.2d 501, where plaster from the ceiling of defendant’s hotel fell upon the plaintiffs, the Illinois Appellate Court has analyzed and listed the leading authorities on this subject. It would not be profitable for us to duplicate that excellent discussion and we find it sufficient to state that an examination of these authorities convinces us, as it did the Illinois Court, that the doctrine of res ipsa loquitur is applicable to the situation presented by the facts of the instant case. We are also so inclined by the language employed by the Supreme Court of Florida in Schott v. Pancoast Properties, supra, and this court’s holding in W. J. Kiely & Co. v. Dickey, supra.
Plaving reached the conclusion that the doctrine is applicable in this case we return to the question first stated of whether the uncontroverted facts presented by the pleadings and the affidavits show a situation out of which negligence may not be logically inferred.
 It is the duty of an innkeeper to use ordinary care to keep the premises in a reasonably safe condition to that his guests may use them in the ordinary way without danger. E. g., Miller v. Shull, Fla.1950, 48 So.2d 521. We hold the question of whether reasonable care was taken by the defendant, whose employees had visually inspected the ceiling and had never noticed any cracks, defects, peelings or looseness in the ceiling is a question of fact for a jury. This is particularly true in the present case where the inspection reasonably necessary and the area necessary to be inspected must be determined by the finder of fact, from a consideration of the particular circumstances under which the care was to be exercised. For example it is pointed out that the affidavits are silent as to the inspection of the floor of the open patio above, which was the roof of the card room. In view of the extensive rain, as evidenced by one of the affidavits, and by the exhibits from the weather bureau, was it incumbent upon the operators of the hotel to inspect this roof to determine whether there was damage to it or water standing upon it? This is a question which must necessarily be determined by a jury from a consideration of many factors which we do not know and which were not known to the trial judge. Among these factors might well be the age of the roof and the extent to which it was worn by use as an open air patio and the type of weather to which it was exposed during the rains which the defendant offers as the cause of the damage to the ceiling of the card room.
The summary judgment is reversed and the cause remanded for further proceedings in accordance with this opinion.
Reversed.
HORTON, C. J., and CARROLL, CHAS., J., concur.

. The case of Noyes v. Fisher, 118 Fla. 494, 159 So. 666, held that a hotel was not liable for injury to a person (without discussing his status), who was conversing with a friend in an alcove at a hotel entrance when a part of the cement stucco in the alcove ceiling fell upon him. This same case was later cited in Steinberg v. Irwin Operating Co., Fla.1956, 90 So.2d 460, 461, 58 A.L.R.2d 1198, as authority for the principle that a person who enters a hotel as an invitee of a guest but later crosses the boundary of his implied invitation becomes a licensee or even a trespasser. It is thus indicated that the Supreme Court considered the Noyes case as applicable to situations where the injured party is not a guest of the hotel or a visitor to a guest of the hotel. Inasmuch as the Noyes case does not discuss the application of the doctrine of res ipsa loquitur and inasmuch as it appears that it concerns a mere licensee situation, we do not find the instant case in conflict with the Noyes case.

. Winclas v. Galston & Sutton Theatres, 35 Cal.App.2d 533, 96 P.2d 170; Bonita Theatre v. Biidges, 31 Ga.App. 798, 122 S.E. 255; Goldstein v. Levy, 74 Misc. 463, 132 N.Y.S. 373; Skeen v. Stanley Co. of America, 362 Pa. 174, 66 A.2d 774.

. Manson v. May Department Stores Co., 230 Mo.App. 678, 71 S.W.2d 1081; Law v. Morris, 102 N.J.L. 650, 133 A. 427, 46 A.L.R. 1108; Taylor v. Popular Dry Goods Co., Tex.Civ.App.1928, 10 S.W.2d 191.

. Hotel Dempsey Co. v. Teel, 5 Cir., 1942, 128 E.2d 673; Mintzer v. Wilson, 21 Cal.App.2d 85, 68 P.2d 370; Hotel Dempsey Co. v. Miller, 81 Ga.App. 233, 58 S.E.2d 475; McCleod v. Nel-Co Corp., 350 Ill.App. 216, 112 N.E.2d 501; Morris v. Zimmerman, 138 App.Div. 114, 122 N.Y.S. 900.