Ivan MILLAN, Plaintiff,

v.

**CELEBRATION CRUISE OPERATOR, INC., d/b/a Bahamas Celebration, Defendant.**

Case No. 14–CV–21005–WILLIAMS

United States District Court, S.D. Florida.

Signed 06/04/2015

M. Benjamin Murphey, Lawlor Winston White & Murphey, Fort Lauderdale, FL, Glenn J. Holzberg, Law Offices of Glenn J. Holzberg, Miami, FL, for Plaintiff.

Jerry Dean Hamilton, Robert Matthew Oldershaw, Hamilton Miller & Birthisel LLP, Miami, FL, for Defendant.

## ORDER ON MOTION FOR SUMMARY JUDGMENT

KATHLEEN M. WILLIAMS,
UNITED STATES DISTRICT JUDGE

**THIS MATTER** is before the Court on Defendant Celebration Cruise Operator d/b/a Bahamas Celebration's motion for summary judgment. (DE 27.) For the reasons set forth below, the motion is **GRANTED** in part and **DENIED** in part.

## I. BACKGROUND

This tort action arises from the injuries Plaintiff Ivan Millan sustained while a passenger aboard Defendant's cruise ship, the M/S *Celebration Bahamas,* on March 24, 2013. (DE 27 (Defendant's Statement of Undisputed Facts ("DSUF")) ¶1; DE 41 (Plaintiff's Statement of Undisputed Facts ("PSUF")) ¶5; *see also* DE 46-2.) The single count of the complaint alleges that Defendant's negligence makes it liable for Plaintiff's injuries that occurred when part of the ceiling of the cruise ship's Crystal Restaurant collapsed, striking and injuring Plaintiff on his head. (DE 1 ¶9; *see also* PSUF 5; DE 46-2.) Plaintiff was seated for dinner at the Crystal Restaurant at approximately 6:15 p.m. when a ceiling object—a metal bar measuring approximately three feet long and one inch wide that held up one of the ceiling tiles or panels—fell and hit Plaintiff in the head, causing him to bleed. (DE 46-1 at 71–72; DE 46-2.)

The *Bahamas Celebration* was built in 1982. (PSUF ¶2; *see also* DE 42-1 at 8.) The vessel used to be owned by a company called Color Line, and was purchased by Defendant Celebration in 2008. (PSUF ¶¶1–2; *see also* DE 42-1 at 8, 10–11.) Defendant Celebration began operating *Bahamas Celebration* as a cruise vessel on March 9, 2009. (DSUF ¶4.) It has no record of any prior incidents reported at the Crystal Restaurant involving a piece of the ceiling (whether a metal bar or ceiling tile) falling. (DSUF ¶4; DE 27-2 ¶¶8–10.)

On October 31, 2014, the *Bahamas Celebration* ran aground and was thereafter put out of service. (PSUF ¶6; *see also* DE 33 at 4, DE 34 at 4, DE 42-1 at 8.) Due to the accident, Defendant Celebration could not recover certain log books and none were produced in this litigation. (PSUF ¶7; *see also* DE 46 at 71–72, 80–84.)

Defendant Celebration filed the instant summary judgment motion on January 30, 2015. (DE 27.) Plaintiff filed two separate extensions for time to file an opposition to

Defendant's motion due to discovery difficulties stemming from *Bahamas Celebration's* grounding. (DE 30; DE 39.) The Court granted Plaintiff additional time to file his opposition (DE 34; DE 40), which he did on April 17, 2015. (DE 41.) Defendant Celebration filed a reply on April 24, 2015.[1] (DE 47.)

## II. LEGAL STANDARD

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Linder this standard, "[o]nly disputes over facts that might affect the outcome of the suit under the governing [substantive] law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Any such dispute is "genuine" only "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

In evaluating a motion for summary judgment, the Court considers the evidence in the record, "including depositions, documents, electronically stored information, affidavits or declarations, stipulations ..., admissions, interrogatory answers, or other materials...." Fed. R. Civ. P. 56(c)(1)(A). The Court "must view all the evidence and all factual inferences reasonably drawn from the evidence in the light most favorable to the nonmoving party, and must resolve all reasonable doubts about the facts in favor of the non-movant." *Rioux v. City of Atlanta*, 520 F.3d

1269, 1274 (11th Cir. 2008) (quotation marks and citations omitted). At the summary judgment stage, the Court's task is not to "weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson*, 477 U.S. at 249, 106 S.Ct. 2505.

 Claims arising from alleged tort actions aboard ships sailing in navigable waters are governed by general maritime law. *Keefe v. Bahama Cruise Line, Inc.*, 867 F.2d 1318, 1320 (11th Cir. 1989). Under maritime law, a shipowner has a duty to exercise reasonable care to those aboard the vessel who are not members of the crew. *Kermarec v. Compagnie Generale Transatlantique*, 358 U.S. 625, 630, 79 S.Ct. 406, 3 L.Ed.2d 550 (1959). However, a shipowner "is not liable to passengers as an insurer, but only for its negligence." *Keefe*, 867 F.2d at 1322. To prove negligence, Plaintiff must show: (1) that Defendant had a duty to protect Plaintiff from a particular injury; (2) that Defendant breached the duty; (3) that the breach was the actual and proximate cause of Plaintiff's injury; and (4) that Plaintiff suffered damages. *Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1336 (11th Cir. 2012). In maritime claims against a vessel owner, a plaintiff must show that a shipowner had "actual or constructive notice of the risk-creating condition" before negligence liability can be imposed. *Keefe*, 867 F.2d at 1322. While maritime law controls, the Court may rely on state law to supplement maritime law so long as it does not alter or overrule maritime law. *Faddish v. Buffalo*

---

**1.** In the opposition to Defendant's motion, Plaintiff appears to request that the Court grant a motion for summary judgment applying the *res ipsa* theory in his favor. (DE 41 at 2; *cf. id.* at 11 (requesting only that the Court deny Defendant's motion).) Plaintiff requested extensions of time only to file a response to Defendant's motion for summary judgment (*see* DE 30, 39), but did not separately move

for summary judgment or otherwise request an extension to file such a motion. To the extent Plaintiff moves for summary judgment, the Court deems the motion untimely as it was filed after the deadline for dispositive motions. See DE 10 (scheduling order). The Court will therefore only consider Defendant's motion for summary judgment in this order.

*Pumps*, 881 F.Supp.2d 1361, 1368 (S.D. Fla. 2012).

## III. DISCUSSION

Defendant's motion for summary judgment is the only motion before the Court. While Defendant purports to raise several bases for its motion, it essentially argues that there is no evidence of either actual or constructive notice of the risk-creating condition—that is, a defect in the Crystal Restaurant's ceiling. (DE 27 at 3–12.) The Court agrees. There is no record evidence of prior incidents or complaints of a risk-creating condition related to the cruise ship's ceilings in the Crystal Restaurant. (DSUF ¶¶ 3–4; PSUF ¶ 7; *see also* DE 27–2 ¶¶ 8–10.) The Court accordingly finds that Defendant Celebration had no actual or constructive notice of the defective ceiling prior to Plaintiff's accident on March 24, 2013.[2]

In his opposition, Plaintiff argues that the doctrine of *res ipsa loquitur* applies to the instant case, creating an inference of negligence on the part of Defendant Celebration. *Res ipsa* is a rule of circumstantial evidence that "[t]he Supreme Court has developed . . . in admiralty that permits the trier of fact to draw inferences of negligence from unexplained circumstances." *Lobegeiger v. Celebrity Cruises, Inc.*, No. 11–21620–CIV, 2011 WL 3703329, at *7 (S.D. Fla. Aug. 23, 2011) (citations and quotations omitted). But "[t]he mere happening of an accident . . . does not give rise to a *res ipsa* inference of negligence or breach of duty under the Jones Act or general maritime law." *Id.* (citations and quotations omitted). A plain-

tiff must prove that *res ipsa* applies by showing "(1) the injured party was without fault, (2) the instrumentality causing the injury was under the exclusive control of the defendant, and (3) the mishap is of a type that ordinarily does not occur in the absence of negligence." *U.S. v. Baycon Indus., Inc.*, 804 F.2d 630, 633 (11th Cir. 1986). If the plaintiff establishes an inference of negligence under the rule, then the burden shifts to the defendant to rebut it. *Id.* at 634 (citations omitted).

Defendant argues that maritime law requires that Plaintiff must prove the Defendant had actual or constructive notice of the defective condition even when asserting a *res ipsa* inference of negligence. (DE 27 at 3–10; DE 47 at 3–8.) However, all except two of the maritime negligence cases that Defendant cites for this proposition are straightforward notice and duty to warn cases in which *res ipsa* was not even considered. *See e.g.*, *Lee v. Regal Cruises, Ltd.*, 116 F.3d 465 (2d Cir. 1997) (slip and fall on water and ice cubes on cruise ship staircase); *Everett v. Carnival Cruise Lines*, 912 F.2d 1355 (11th Cir. 1990) (trip and fall over metal cover of fire door); *Monteleone v. Bahama Cruise Line, Inc.*, 838 F.2d 63, 64 (2d Cir. 1988) (trip and fall over protruding screw in stairway); *Boden v. Royal Caribbean Cruise Lines, Ltd.*, No. 11–23365–CIV, DE 65 (S.D. Fla. Mar. 23, 2013) (shower hardware falling); *Mercer v. Carnival Corp.*, No. 08–20550–CIV, 2009 WL 302274, at *1 (S.D. Fla. Feb. 9, 2009) (slip and fall on hardwood floor after taking a shower); *John Morrell & Co. v. Royal Caribbean Cruises, Ltd.*, 534 F.Supp.2d 1345, 1349 (S.D. Fla. 2008)

---

**2.** Defendant Celebration also argues that it had no duty to warn Plaintiff because Defendant lacked actual or constructive notice of the ceiling's condition. (DE 27 at 11.) Because the Court finds that there is no issue of fact regarding Defendant's lack of actual or constructive knowledge regarding the defective ceiling, the Court finds as a matter of law that

Defendant had no duty to warn Plaintiff of a condition it knew nothing about. *See Isbell v. Carnival Corp.*, 462 F.Supp.2d 1232, 1237 (S.D. Fla. 2006) (defendant's actual or constructive notice prerequisite to liability under cruise ship's duty to warn passengers of a dangerous condition).

(dune buggy accident onshore); *Luby v. Carnival Cruise Lines, Inc.*, 633 F.Supp. 40, 41 (S.D. Fla. Apr. 25, 1986) (trip and fall over shower ledge).[3]

The two maritime negligence cases Defendant cites that actually address *res ipsa* are distinguishable on both the facts and the law. In *Adams v. Carnival Corp.*, No. 08–22465–CIV, 2009 WL 4907547, at *4–5 (S.D. Fla. Sept. 29, 2009), this court rejected a *res ispa* inference of negligence where the plaintiff was injured after a deck chair collapsed beneath him because the plaintiff failed to prove actual or constructive notice of the defect in the chair. In that case, the chair at issue was accessible to all passengers, presumably thousands, using the Lido Deck on a Carnival cruise ship. *Id.* at *1. Carnival employed a deck supervisor that inspected all deck chairs on a regular basis, including on the day of the accident, and he reported no signs of wear and tear on the chairs. *Id.* At the time of the accident, the plaintiff weighed 340 pounds and Carnival's forensic and metallurgical expert, who testified that the manufacturer tested the chair for up to 400 pounds, concluded that the cause of the chair's failure was the plaintiff's weight. *Id.* The Court finds *Adams* inapposite to the instant case; a piece of a ceiling falling on a seated plaintiff presents a wholly different set of circumstances from a communal deck chair—used by thousands of passengers—collapsing after a plaintiff sits upon it.

The court in *Adams* relied on *Hood v. Regency Maritime Corp.*, No 99–CIV–10250(CSH), 2000 WL 1761000, at *4 (S.D.N.Y. Nov. 30, 2000) to reject *res ipsa* on the basis that the plaintiff failed to show actual or constructive notice. An examination of the *Hood* case, however, shows that the court considered plaintiff's *res ipsa* theory on its own merits rather than by expressly incorporating a notice requirement. *Id. Hood* was a maritime negligence action where the plaintiff alleged that a panel or tile dislodged from the bathtub while the plaintiff was using a bathroom, located within his cabin and used by both him and his family. *Id.* The bathtub panel hit his leg, causing his leg to strike the toilet and him to fall. *Id.* The plaintiff argued that a *res ipsa* inference of negligence applied. *Id.* at *4.

In considering the facts, the *Hood* court found that the plaintiff could not prove the second element of *res ipsa* as a matter of law because defendant was not in exclusive control of the risk-creating condition based on plaintiff's admission that both he and his family used the bathtub. *Id.* at *4. It further reasoned that the plaintiff may well have caused the defective condition himself, finding that "[t]here [was] nothing in the record to suggest it was more likely than not that the panel was dislodged of its own force rather than by the force of the plaintiff." *Id.* The *Hood* court did not incorporate an actual or constructive notice requirement in its *res ipsa* analysis, or even mention it in its consideration of the theory.[4] *Id. See Baycon*, 804 F.2d at 632–35 (no requirement of actual or construc-

---

3. These cases are also distinguishable on the facts, involving slip and fall and trip and fall scenarios. Even in *Boden*, which involved allegations of hardware falling and injuring the plaintiff in a cruise ship bathroom, the parties engaged in a vigorous factual dispute as to whether the plaintiff had injured herself by slipping in the shower. No. 11–23365–CIV, DE 65 at 2. While the court granted summary judgment based on the plaintiff's allegations

and not the defendant's, the court did not consider a *res ipsa* argument in the opinion.

4. The *Hood* court only discussed actual or constructive notice as a separate basis for granting the defendant's motion for summary judgment before turning to its consideration of the plaintiff's *res ipsa* argument. 2000 WL 1761000, at *3–4.

tive notice for *res ipsa* in maritime negligence action); *Terry v. Carnival Corp.*, 3 F.Supp.3d 1363, 1372–74 (S.D. Fla. 2014) (same); *O'Connor v. Chandris Lines, Inc.*, 566 F.Supp. 1275, 1279–80 (D. Mass. 1983) (same); *see also Burns v. Otis Elevator*, 550 So.2d 21, 22 (Fla. 3rd DCA 1989) (actual or constructive notice of the defect is "immaterial" if the conditions for the *res ipsa* doctrine are established). Unlike *Hood*, there is no suggestion in this case that Plaintiff had an opportunity to cause the ceiling to fall on him, much less any access to the ceiling or its component parts.

 The Court concludes that a plaintiff is not required to show the defendant's actual or constructive notice of the defective condition in order to raise a *res ipsa loquitur* inference of negligence under maritime law. The Court therefore holds that Defendant Celebration's lack of actual or constructive knowledge of the risk-creating condition does not as a matter of law preclude Plaintiff from arguing the doctrine's application.

 Turning to the merits of Plaintiff's reliance on the *res ipsa* doctrine, Defendant Celebration does not dispute that the ceiling falling in one of its ship's restaurants is the kind of event that occurs due to someone's negligence.[5] Nor does it suggest that Plaintiff contributed to the ceiling falling in some way. Defendant Celebration cites the undisputed facts that it was not the designer or manufacturer of the *Bahamas Celebration* and "did not participate in the design, selection or installation of the ceiling, ceiling tile, or metal roofing frames in the Crystal Restaurant," although it does not explicitly state that it was not in exclusive control of the

ceiling at the time of the accident. (DE 41 at 6; DSUF ¶ 5; *see also* PSUF ¶¶ 1–3.) Looking at the facts in the light most favorable to the non-moving party, the Court finds that Defendant Celebration failed to show *res ipsa* does not apply to this case as a matter of law.

The Court reserves any decision on whether a *res ispa loquitur* instruction will be appropriate until later in this case. The Court finds that Plaintiff has presented sufficient triable issues of fact regarding Defendant's negligence to defeat Defendant's motion for summary judgment. Accordingly, Defendant's motion for summary judgment is **DENIED**.

## IV. CONCLUSION

For the reasons set forth above, Defendant Celebration Cruise's motion for summary judgment (DE 27) is **GRANTED** in part and **DENIED** in part.

**DONE AND ORDERED** in chambers in Miami, Florida, this 4ᵗʰ day of June, 2015.

---

**5.** Plaintiff argues, and the Court notes, that at least one Florida court has found that parts or objects falling from a ceiling are the type of events that do not occur but for someone's negligence. *See Kadushin v. Philmac Realty Corp.*, 128 So.2d 400 (Fla. 3rd DCA 1961); *see also W. J. Kiely & Co. v. Dickey*, 124 So.2d 731 (Fla. App. 1960) (sign falling on the sidewalk).