51 So.2d 607

**ALLEN v. SHREVEPORT THEATRE CORP.**

**In re ALLEN.**

No. 39732.

Feb. 12, 1951.

Rehearing Denied March 19, 1951.

Paul R. Mayer, Shreveport, for plaintiff.

Irion & Switzer, Harry A. Johnson, Jr., Cleve Burton, Jr., all of Shreveport, for respondent.

LE BLANC, Justice.

This case is before the Court on a writ of certiorari granted to the plaintiff whose demand for damages, against the defendant moving picture theatre operator, had been rejected in the district court and the judgment of that court affirmed by the judgment of the Court of Appeal, Second Circuit. 42 So.2d 865. After the record had been transmitted to this Court plaintiff died from accidental drowning and his legal heirs have been substituted as the proper parties plaintiff.

In his petition plaintiff had alleged that on the evening of November 4, 1948, he was a patron of the defendant corporation, owner and operator of the Star Theatre located at number 1050 Texas Avenue in the City of Shreveport; that he was a guest of the defendant and that his presence in the theatre was by virtue of his purchase of an admission ticket to attend the showing of a motion picture; that at about 9:40 o'clock that evening, for some reason unknown to him, a part of the ceiling fell down in the theatre and that some of the pieces struck him on the right thorax and on both lower extremities, and in particular the right leg. That in the stampede created by reason of the falling ceiling the crowd of patrons in the theatre trampled over him causing him still greater injury about his head and body and also caused him to lose his wallet containing $96 in currency.

Plaintiff had further alleged that as a paid customer in the theatre, defendant owed him "the highest type of duty to safeguard his person" and that the damages he sustained are the direct result of its fault and negligence in failing to maintain the theatre and especially the ceiling in a safe condition. He also alleged that "the particular acts or omissions by the defendant that caused the herein above described accident are better known to the defendant than they are to petitioner."

After listing the damages he claims to have sustained as the loss of $96 cash, medical expenses $30, damaged clothing $25 and personal injuries and suffering $1500, he prayed for judgment in the total sum of $1651.

The answer of the defendant may be said to constitute a general denial but as it developed from the testimony that the building in which it conducted its moving picture business was not owned by it and that it was merely a lessee it defended its liability on the ground that as lessee it was under no legal obligation to maintain the ceiling in the theatre in repair, such obligation being imposed by Art. 2716 of the Revised Civil Code on the owner.

The district court in effect sustained the defense presented and held that it was not shown by the evidence that the defendant knew of or had reason to believe that there were any defects in the ceiling of the building and was not, therefore, called on to give notice to the owner. Plaintiff's suit was accordingly dismissed. In overruling an application for rehearing the

trial judge stated that the rule of res ipsa loquitur which had been invoked by the plaintiff, and which had not been referred to in his original opinion, could not apply because one of the requirements of that rule, viz: that the instrumentality causing the injury be under the control and management of the defendant, could not be met in this case since under Article 2716 of the Code the owner and not the lessee of a building has the management of and control over "any repairs to the ceiling". On the whole the learned district judge seems to have held the plaintiff to the specific burden of proving, by a preponderance of testimony, fault or negligence on the part of the defendant and as he had failed to carry that burden he could not recover.

On appeal the judgment of the district court was affirmed, the Court of Appeal basing its decision on the fact that plaintiff did not make the owner of the building a party defendant and had failed to make out a case of fault against the one he had sued. That Court referred to Article 670 of the Civil Code as being apparently the paramount, if not the exclusive law of this State giving to persons who are lawfully in a building and are therein injured by falling plaster, a right of action for damages and since that article makes the owner responsible for such damage as a result of his neglect, that right is restricted as one against the owner. Since there is no law imposing a similar responsibility on the lessee of the building, "for the pres-

ent defendant to be held responsible", it is stated, "there must be some negligence shown on its part and in the absence of proof that the defendant lessee had actual knowledge, or, under the circumstances, should have had knowledge of a defective condition in the ceiling, plaintiff has not made out a case of 'fault' under Article 2315 of the Civil Code."

■ An exception of no right or cause of action on behalf of the defendant was filed in this Court but the same questions of law are involved in it as are presented on the merits and it is therefore unnecessary to discuss it separately.

■ The reasoning on which the judgments of both the district court and the Court of Appeal are based overlook the fact that the plaintiff's cause of action is one arising out of a contractual relation which was entered into between him and the operator of the moving picture show to whom he had paid the required price of admission to witness the exhibition that was being offered. The owner of the building in which this moving picture business was being conducted was a total stranger to the relation which had thus come into existence. Because of that relation the proprietor of that business owed the plaintiff a particular duty of care, and whilst it may not have been "the highest type of duty", as alleged by plaintiff in his petition, nor the same strict duty that is required of a common carrier toward his paying passenger, it was nevertheless more

than the ordinary duty that is owed to a mere licensee.

■ In Cassanova v. Paramount Richard Theatres, Inc., et al., 204 La. 813, 814, 16 So.2d 444, 446, the law with respect to the duty of care imposed on the owners and occupants of places of amusement that are conducted for profit is stated as follows: "Although the proprietors of places of amusement that are operated for profit are not generally considered to be insurers of the safety of their patrons (citing authority) they are, nevertheless, charged with the same duty imposed upon the owners or occupants of a building or premise who either directly or impliedly invite or induce others to enter therein, that is, the affirmative duty to use reasonable and ordinary care to keep such building or premise in such a safe condition that the invitees will not be unnecessarily exposed to danger (again citing an abundance of authority)".

It is true that in that case the Court was dealing with an accident, which, it was claimed, had been caused by reason of the condition of darkness that is required to operate a moving picture business and it was stated therefore, that that necessitated a correspondingly stricter account in the performance of the duty of care on the exhibitor in providing safe premises for his patrons, but it is apparent from the careful consideration that was given to the general duty required of him, as reflected in the quoted portion of the opinion, that, regardless of any particular or peculiar conditions or circumstances attending the business, he owes his patrons the duty of furnishing them a reasonably safe place in which to view the exhibition he offers and this includes the entire building in which he conducts his business.

■ A discussion of Articles 670, 2322 and 2716 of the Civil Code,[1] and of any of the very numerous decisions relating to any of them, would be inappropriate because they are not pertinent to the direct issue that is presented in this case which concerns the liability of the defendant, as the operator of a place of public amusement, to one of his patrons for failure in respect to the duty of care which arose under the contractual relation existing between them. Certainly after having paid the price of admission, and after having been admitted into the building, the patron in this case had the right to presume that he would be afforded a reasonably safe place to satisfy the purpose for which he had entered. When a piece of plaster fell from the ceiling and struck him he had not been afforded such safety. In the usual and ordi-

---

1. Art. 670, R.C.C. obliges the owner of buildings to keep them in repair in order to protect himself from loss or damage to neighbors or passengers, resulting from his neglect in that respect.

Art. 2322, R.C.C. makes the owner of a building answerable for the damage occasioned by its ruin, "when this is caused by neglect to repair it, or when it is the result of a vice in its original construction."

Art. 2716, R.C.C. designates those repairs which must be made "at the expense of the tenant" during the lease.

nary course of events an accident such as this does not happen if proper care of a building is exercised by those charged with its management, and when it does, the occurrence gives rise to a presumption, or affords an inference of negligence which, in the absence of any negligence on the part of the injured person, presents a cause of action under the doctrine of res ipsa loquitur.

In reading the cases on the subject, we find two in which the doctrine stated was applied to accidents involving falling plaster from the ceilings of theatres, just as happened in this case. One is the case of Windas v. Galston & Sutton Theatres, Inc., 35 Cal.App.2d 533, 96 P.2d 170 and the other, Bonita Theatre v. Bridges, 31 Ga. App. 798, 122 S.E. 255.

. In the present case it is contended that the doctrine cannot be applied because one of its essential requirements, viz, that the instrumentality or thing causing the injury must be under full control and management of the defendant, has not been met since under Article 2716 of the Civil Code, the owner, and not the lessee of a building, is obligated to make repairs to the ceiling. But as has been stated before the case is not governed by that or any other of the articles of the Civil Code also referred to.

In connection with this point, we find the following observation, quoted from the opinion in the case of Lowe v. Home Owners' Loan Corporation, 199 La. 672, 685, 6 So.2d 726, 730, rather pertinent: "It must be kept in mind that when a building is leased the owner loses an important element of ownership, that is to say, possession. The property is no longer under the dominion of the owner. It is under the control of the tenant who may even prohibit the owner from entering the premises during the existence of the lease."

■ Particularly with regard to the plaintiff in this case, and for the purpose for which he paid admission and entered it, the defendant proprietor of the moving picture business and occupant of the building was in control and management of it in its entirety. The unusual occurrence causing the injury having been shown, defendant then was charged with the burden of going forward and producing evidence sufficient to dispel the inference of negligence or a lack of proper care on its part. No attempt whatever was made to discharge that burden and consequently defendant must be held liable in damages to the deceased plaintiff's legal heirs who have been substituted in his stead.

The whole record including the note of evidence is before us and we find it possible to assess the amount of damages and of thus obviating the necessity of remanding the case to the lower Court for that purpose.

■ The injury sustained by the deceased plaintiff was to the right thigh and

right lower extremity and also to the right side of the thorax. An x-ray examination showed no fractures and the doctor he consulted and who testified on his behalf diagnosed his injuries as contusions. He stated that these may have caused pain for possibly two or three weeks. An award of $500 will fully compensate an injury of this kind.

 The claim for the loss of $96 cash is not supported by sufficient proof, nor is there any proof of the value of the clothing claimed to have been damaged.

 Two bills, one for $10 for doctor's services and another for $20 for an x-ray examination were proven and will be allowed.

For the reasons stated, the judgments of both the District Court and the Court of Appeal are hereby reversed, set aside and annulled and it is now ordered, adjudged and decreed that there be judgment in favor of Viola Dorsey, S. G. Galloway, Willie Galloway, Francis Galloway, Pat Galloway, Saphonia Galloway, Emma Galloway, Clydie Galloway, and O. C. Galloway, substituted as parties plaintiff in lieu of Tom Allen, deceased, and against the defendant, Shreveport Theatre Corporation, in the sum of Five Hundred and Thirty and no/100 ($530.00) Dollars, with legal interest from date of judicial demand until paid, in the proportion of an undivided one-fourth interest to the said Viola Dorsey and an undivided three thirty-seconds interest to each of the other substituted plaintiffs.

It is further ordered that defendant pay all costs of these proceedings.

HAWTHORNE, J., takes no part.