371 So.2d 768 (1979)
Mrs. Dorothy Yarls GORDON, wife of/and James T. Gordon, Sr.
v.
CITY OF NEW ORLEANS, New Orleans Police Department, Donald Lagarde and Marcel David.
No. 63477.
Supreme Court of Louisiana.
May 21, 1979.
Rehearing Denied June 25, 1979.[*]
M. H. Gertler, Gertler & Gertler, New Orleans, for plaintiffs-applicants.
Donald A. Hoffman, City Atty., Debra J. Fischman, Asst. City Atty., for defendants-respondents.
PER CURIAM.
After carefully reviewing the testimony and other evidence in the record of this case, we conclude that the court of appeal properly affirmed the judgment of the district court. Under the facts correctly found by the intermediate court, Officer Lagarde's actions in defending himself with his service revolver against a gunman at very close range, were, under the circumstances, neither unreasonable nor wanting in skill. Accordingly, for these reasons and those expressed in the appeals court's opinion, the court of appeal judgment is affirmed.
AFFIRMED.
TATE and DIXON, JJ., dissent with reasons.
TATE, Justice, dissenting.
I respectfully dissent for the reasons assigned by Judge Redmann in the Court of Appeal, see 363 So.2d 235, 242.
As stated in that opinion, 363 So.2d at 242: "To categorize the policeman's behavior as non-tortious is unsupportable. It is simply not reasonable to fire a weapon towards a group that includes innocent persons."
However, I likewise agree with the suggestion of this dissenting opinion that, nevertheless, the police officer individually should be immune from liability (although his employing authority is not), where the harm caused the individual results from mere misjudgment by a police officer in the discharge of his official duty. While the governing authority itself is not immune for injury to persons caused through the fault of its agents or employees, see La. Const. of 1974, Art. 12, Section 10(A), nevertheless, no such constitutional bar prevents immunizing a police officer from personal liability under such circumstances, any more than there is a constitutional bar to immunization of the prosecutor or the judge for similar reasons of public policy.
*769 As stated in the dissenting opinion, although the employing authority must be held liable, "[c]ertainly the police officer should not be obliged personally to bear the damages an innocent bystander sustains from a shot the officer understandably but unskillfully fires in the reasonable discharge of his official duty.[] But neither should the innocent bystander." 363 So.2d 243.
For these reasons, I respectfully dissent.
DIXON, Justice (dissenting).
I respectfully dissent.
If the policeman carefully killed the bystander, the city should be cast. If the bystander was shot "inadvertently" by the police, as found by the Court of Appeal, the city should be cast unless it can carry the heavy burden of proving that the wild shot was justified.
NOTES
[*] Tate, Dixon and Calogero, JJ., would grant a rehearing.