YELVERTON, Judge.
Plaintiffs, Mickey and Gail McNeely, filed a tort suit under LSA C.C. Art. 2315 for injuries sustained when the bleacher on which they were sitting and standing at a race track collapsed. The defendant, National Hot Rod Association (NHRA), was a sponsor of the races and the lessee of the premises on which the races were conducted. The insurer of the NHRA, International Insurance Company, is the codefendant. The jury returned a verdict in favor of defendants after concluding that the bleachers were under the exclusive control and maintenance of the lessor, C & P Racetracks, Inc. (C & P). The McNeelys appeal the jury’s determination that the NHRA *978 was not responsible for the accident. We affirm the judgment of the trial court.
The facts of this case are simple and uncontested. On May 26,1984, Mickey and Gail McNeely attended hot rod races at the State Capitol Dragway in Erwinville, Louisiana. The races were known as the Ninth Annual 7-Eleven Cajun National Hot Rod Races. While watching the drag races from their grandstand seats the board on which the McNeelys were sitting and standing suddenly broke. The plaintiffs fell about 20 feet to the ground and sustained bodily injuries.
NHRA, as sponsor of the races, had leased the racing premises, including the grandstands, from the owner, C & P. The lease contained a clause delegating all responsibility for maintenance of the premises to C & P.
The sole issue raised by this appeal is whether the finding of the jury that NHRA was not legally responsible for the injuries to the plaintiffs was clearly wrong. The finding of the jury is supported by the record and its verdict is correct.
Under Louisiana tort law, in order for the plaintiff to recover it must be proven that the defendant breached a legal duty owed to the plaintiff. Kent v. Gulf States Utilities Co., 418 So.2d 493 (La.1982).
In Cates v. Beauregard Electric Cooperative, Inc., 328 So.2d 367 (La.1976), the Supreme Court abolished the previous jurisprudence regarding “invitees”. The court held that the determination of a duty owed to a plaintiff should not be made on the basis of plaintiffs status as an “invitee”. Therefore, the jurisprudence now states that the facts of each situation must be examined to ascertain a duty.
After an examination of the facts in this case, it is apparent that NHRA did not have a duty to protect the McNeelys from the injuries they suffered. NHRA and C & P entered into a contract which was admitted into evidence. The agreement clearly delineates the duties of both parties in regards to the Cajun Nationals. Supervision, control and maintenance of the facility, including the bleachers, was to be exercised entirely by C & P, the owner of the premises.
NHRA, on the other hand, was responsible for the technical aspects of the actual racing of the cars. It did not assume any responsibility for the facilities located at the Dragway. The duties of NHRA and C & P did not overlap in any respect.
Representatives of both parties to the contract testified and confirmed the allocation of duties in the contract. The president of C & P Racetrack testified that C & P retained exclusive control over the grandstands at all times. The vice-president of the NHRA testified that C & P was exclusively responsible for maintenance of the bleachers.
The relationship between C & P and the NHRA is only relevant to the extent that it affects the relationship between the McNeelys and NHRA. In order to be liable, the defendant must be found to have breached a legal duty that was owed to the plaintiff to protect the plaintiff from the particular harm that caused the injury.
This legal relationship arises only when the defendant has custody of the thing which causes the damage. Kent v. Gulf States Utilities Co., supra. “Custody” depends upon the right of supervision, direction and control. Loescher v. Parr, 324 So.2d 441 (La.1975).
The record clearly reflects that C & P, not NHRA, had exclusive custody and control over the bleachers. Therefore, since the defendant lacked custody of the thing, the bleachers, which caused the damage, it cannot be liable for the injuries sustained. The Louisiana Supreme Court in the case of Entrevia v. Hood, 427 So.2d 1146 (La.1983), held that a person is legally responsible for the harm suffered by another only when that person is responsible for the supervision, care or guardianship of the thing which causes the damage.
Three additional assignments of error were raised by appellants. Two alleged errors were in reference to certain evidence admitted at trial. The other alleged error was in the trial judge’s choice of jury instructions. However, we will not discuss *979 the merits of these assignments of error because the issues raised therein are not outcome determinative.
Even where the trial court has committed consequential or prejudicial error in admission or refusal to admit evidence, or in instructing a jury, when the appellate court has all the facts before it such error will not warrant remand and the appellate court must make its own independent conclusion as to the facts as revealed in the record before it. Gordon v. City of New Orleans, 363 So.2d 235 (La.App. 4th Cir.1978), affirmed at 371 So.2d 768 (La.1979).
After a review of the entire record, it is the opinion of this court that the jury was correct in its finding that the NHRA was not legally responsible for the injuries to Mickey and Gail McNeely. Thus, the judgment of the trial court is affirmed at appellants’ costs.
AFFIRMED.