WATSON, Justice.
On May 26, 1984, a plank in the bleachers of the State Capitol Raceway or Drag-way in Baton Rouge, Louisiana, broke, sending three people approximately twenty feet to the ground. Plaintiffs, Mickey Loyd and Gail Littleton McNeely, brought this suit against the National Hot Rod Association, which was sponsoring the races and its insurer, International Insurance Company, alleging that the negligence of the NHRA caused their injuries in the fall.
The policy of International Insurance Company covered the NHRA Cajun Nationals conducted at the State Capitol Raceway in Baton Rouge, Louisiana, on May 24 through May 28, 1984, and was issued to the National Hot Rod Association with “E, & P. Racetracks, Inc., d/b/a State Capitol Dragway,” and various individuals named as additional insureds.
Under the lease between the State Capitol Dragway and the National Hot Rod Association, the two parties shared in the net rental income, which was defined as the gross income, less various expenses, including liability insurance. The lessor agreed to furnish and pay all the personnel required for the crowd, including ticket sellers, ushers, security personnel and parking attendants. All collections were by the lessor which also agreed to repair and maintain the facility in a tenantable and first class condition. The lessee was made responsible for conduct of all race operations, furnishing key operating personnel, and providing $5,000,000 in liability insurance with the lessor as a principal named insured.
The McNeelys had purchased their tickets around noon. The tickets were $17 each, the most expensive ones available, and admitted them to the pit area as well as the stands. The party had been drinking beer before the accident.
At approximately 8:30 P.M., a plank in the bleachers broke. Gail McNeely, Mickey McNeely, and Deanna Comeaux fell to the ground. One-half of the board was left hanging. The board broke clean and appeared to be rotten.
The jury was charged: “The burden rests upon the plaintiffs to establish negligence on the part of the defendant by a preponderance of the evidence; and if the plaintiffs fail to do this, the jury must find for the defendant.” [1] The jurors were further instructed that negligence is a breach of duty to protect against an unreasonable risk of foreseeable harm and the defendant was only required to be reasonably prudent.
The jury unanimously decided that a bleacher broke at the 1984 Cajun Nationals which caused plaintiffs to fall. The jury also agreed that the National Hot Rod Association was not responsible for the accident and the resulting injuries, apparently because the NHRA was found to be free from negligence.
On appeal, the jury’s decision was affirmed,[2] and a writ has been granted to consider the judgment.[3]
LSA-C.C. art. 2322 provides:
“The owner of a building is answerable for the damage caused by its ruin when this is caused by neglect to repair it, or when it is the result of a vice in its original construction.”
A structure need not be intended for habitation to be regarded as a building under this article. Cothern v. La Rocca, 255 La. 673, 232 So.2d 473 (1970). Collapse of part of a structure may result in a ruin. *1089 Article 2322 imposes strict liability on the owners of buildings and other structures.
Plaintiffs here did not sue the owner of the bleachers but the lessee. Compare Fitchett v. Buchanan, 2 Wash.App. 965, 472 P.2d 623 (1970). However, it has been held that when a lessee operates a place of public amusement, the lessee’s control and management of the premises imposes the same duty of care on the lessee that is owed by owners. Allen v. Shreveport Theatre Corp., 218 La. 1008, 51 So.2d 607 (1951).[4]
LSA-R.S. 9:3221[5] allows a lessee to assume the lessor’s responsibility for the condition of the leased premises. The jury here was not directed to consider whether the requirement that the lessee secure liability insurance with the lessor as a named insured constituted an assumption of responsibility by the lessee under LSA-R.S. 9:3221.
The fact that the lessor was insured under the defendant insurer’s policy was apparently overlooked by the plaintiffs, the trial court, and the court of appeal. While the thrust of the suit was against National Hot Rod, the principal defense was that the Dragway was responsible for the bleachers. This court could possibly assess responsibility against the latter under a negligence or strict liability theory, but, since the Dragway and its insurer have not had an opportunity to present a defense, it would be manifestly unfair to decide the case in its present posture. The only fair resolution is a new trial.
Since the jury was not instructed that this lessee’s duty of care might exceed the standard of reasonable prudence; was not instructed that the lessee may have assumed the strict liability of the lessor under LSA-R.S. 9:3221; and did not consider that the defendant insurance company may be liable as insurer of the lessor-owner, a new trial is mandated in the interest of justice.
An exception of prescription has been filed in this court on behalf of International Insurance Company, alleging that any action based on its status as insurer of E. & P. Racetrack, Inc., has prescribed. The exception is remanded to the trial court.
For the foregoing reasons, the judgments of the trial court and the court of appeal are vacated and the matter is remanded to the trial court.
REVERSED AND REMANDED.
CALOGERO and LEMMON, JJ., concur.

. Tr. 505.

. 520 So.2d 977 (La.App. 3 Cir.1987).

.522 So.2d 562 (La.1987).

. In Allen, a lessee of a movie theatre was held liable for injuries caused by falling plaster. See 26 Tulane L.Rev. at 103. Also see Boyer v. Iowa High School Athletic Association, 260 Iowa 1061, 152 N.W.2d 293 (1967), where the Athletic Association, a short term tenant, like the NHRA, was held liable for the collapse of some folding bleachers on a res ipsa loquitur theory.

. LSA-R.S. 9:3221 provides:
"The owner of premises leased under a contract whereby the lessee assumes responsibility for their condition is not liable for injury caused by any defect therein to the lessee or anyone on the premises who derives his right to be thereon from the lessee, unless the owner knew or should have known of the defect or had received notice thereof and failed to remedy it within a reasonable time."