HIGGINBOTHAM, J.
IsThis consolidated matter concerns a class action and individual lawsuit filed in response to an appropriated permanent levee servitude that included the excavation of dirt for a hurricane protection project affecting 355 tracts of land in La-fourche Parish. The pertinent issue on appeal is what compensation, if any, is due the landowners for the appropriation.

FACTS AND PROCEDURAL HISTORY

On January 10, 2011,. the Board of Commissioners of the South Lafourche Levee District (“Levee District”) adopted Resolution 11-01 (the “Resolution”),- appropriating a permanent levee servitude that affected 355 tracts of land located on the *22 west bank of the existing levee along Bayou Lafourche. The purpose of the appropriation was to upgrade and increase the size of the existing permanent levee for improved flood control in a Hurricane Protection Project area from Larose to Golden Meadow, Louisiana. The Resolution gave the Levee District the right to “construct, operate and maintain levees ... and other flood control works including the right to cut away, dredge or remove spoil or earth therefrom and for the deposit of same as may be necessary in the construction, operation and maintenance” of the hurricane protection project. Pursuant to the Resolution, the landowners would continue to own the appropriated property subject to the permanent levee servitude, but would give up their surface rights in the appropriated area due to the Levee District’s use of the dirt for levee improvements. Landowners affected by the appropriation were notified by letter dated January 10, 2011, that contractors for the Levee District would soon “begin the process of removing earthen material from the property appropriated for use in improving” the levee, and that the Levee District would pay “fair market value for the property appropriated” as soon as that amount was determined.
The Levee District began mailing checks to landowners in late April 2011, based upon an estimated appraised value of the land that depended on the amount of ^acreage involved and whether the Levee District had classified the tract as “clear” or “unclear.” According to the general manager of the Levee District, Windell A. Curóle, the Levee District retained three appraisers and received appraisals for five of the affected tracts of land after physically observing each piece of property affected by the appropriation to see if it was cleared or uncleared. Using this method, the Levee District estimated the fair market value of each tract of land. If the land was vacant/clear, it was valued at $1,932.78 per acre; if the land was wooded/unclear, it was valued at $1,452.94 per acre.
On September 13, 2011, Jason Adams and eleven other landowners affected by the Levee District’s appropriation filed a class action lawsuit (hereafter referred to as “the Adams class”), contending that the amounts paid and/or offered according to the Levee District’s appraised/assigned values of all tracts of land were “grossly insufficient, and do not reflect the fair market value of the tracts of land.” On April 20, 2012, the district court certified the Adams class, defining the class as the owners of 133 tracts and/or those persons with an ownership interest in the land taken who did not cash checks issued by the Levee District. Additionally, a subclass was defined as the owners of 187 tracts and/or those persons with an ownership interest in the land taken who cashed checks issued by the Levee District. Another landowner, 5 Chers, Inc. (hereafter referred to as “5 Chers”), opted out of the Adams class and filed its own lawsuit on May 14, 2012. On May 2, 2013, the district court signed an order consolidating the Adams class action and the 5 Chers lawsuit for trial. Collectively, we refer to all of the plaintiffs in these consolidated matters as the “landowners.” All landowners contend that they were offered or paid less than the fair market value for the appropriated tracts of land, and that they were not compensated for the dirt that the Levee District excavated from the appropriated properties. The landowners also sought attorney fees and costs associated with the litigation.
|fiA four-day bench trial was held in January 2014. The parties entered written trial stipulations of fact that removed sixty-six tracts from the Adams class for a variety of reasons including the donation of some tracts to the Levee District, the *23 opting out by some landowners who entered into servitude agreements with the Levee District, and tracts that were designated as “no work zones,” had no acreage within the appropriated area, or were owned by the Levee District. The parties also entered into a written post-trial stipulation that the Adams class action did not include any claims made in a third lawsuit involving an appropriated tract owned by Chad M. Jarreau and leased to Bayou Construction & Trucking, LLC.- The Jar-reau lawsuit was tried separately in another division of the Seventeenth Judicial District Court. This court recently rendered a decision in an appeal of the Jarreau lawsuit, which involved many of the same issues as are currently presented in the Adams class action and 5 Chers lawsuit. We acknowledge that an application for writ of certiorari is currently pending before the Louisiana Supreme Court in the Jarreau case; however, no stay has ever been requested or issued in the case sub judice pending a final disposition of the Jarreau matter. See South Lafourche Levee District v. Jarreau, 2015-0328 (La.App. 1st Cir.3/30/16), 192 So.3d 214 (hereafter referred to as “the Jarreau case” or “Jarreau”).
After the trial on the merits for the Adams class action and the 5 Chers lawsuit, the parties submitted post-trial briefs. On November 10, 2014, the district court issued written reasons for judgment, signing a judgment on the same day, and finding in favor of the landowners on the issue of the fair market value compensation for the appropriated servitude affecting the landowners’ property. The district court collectively awarded $1,556,378.00 to the Adams class/sub-class (as shown on a spreadsheet attached to the judgment and subject to a credit for payments made to the members of the sub-class) and $40,662.00 to 5 Chers. In written reasons, the district court explained that the permanent levee servitude acquired by the Levee District amounted to 80% of the fair market value of the appropriated property, with |fithe landowners retaining a 20% interest in the land that was taken. Additionally, the district court awarded the landowners legal interest, attorney fees of 25% of the total sums awarded, and all costs of the proceedings. Finally, the district court dismissed all of the remaining claims of the landowners concerning the issue of additional compensation for the Levee District’s taking of the excavated dirt from the appropriated property.
After the district court signed the November 10, 2014 judgment, the Adams class, timely filed a “Motion for Partial New Trial on the Issue of the Credit and/or Motion for Partial Amendment of Judgment” on November 21, 2014. The Adams class contended that the spreadsheet attached to the judgment appeared to include checks that had been issued to landowners who ultimately had opted out of the Adams class, as well as one check that exceeded the amount adjudged to be due the landowner. Therefore, the Adams class asked the district court to grant a partial new trial or partially amend the judgment to accurately reflect and clarify the amount of the credit due the Levee District. But before the district court ruled on the Adams class’s motion, the Levee District filed a motion for appeal “from the final judgment rendered on November 10, 2014.” The trial court granted the Levee District’s appeal on December 18, 2014. Not long afterward, on January 21, 2015, the Adams class filed its own motion for appeal from the November 10, 2014 judgment, which the district court granted on January 28, 2015. The parties in both appeals dispute the amounts of compensation awarded to the landowners and, additionally, the Levee District con *24 tends that the attorney fees award is erroneous.
Approximately two months after the second motion for appeal was filed, the district court signed a consent judgment on March 11, 2015, granting the Adams class’s motion for partial new trial “on the limited issue of the calculation of the credit which the Court previously found to be due” to the Levee District. The consent judgment was based upon a written joint stipulation by the Adams class and the Levee District, clarifying “any credit found to be due” to the-Levee District. No ^appeal was taken from the March 11, 2015 judgment, but in oral reasons, the district court stated that the consent judgment would “be included with the issues on appeal ... [s]o that extended the return date.” The appeals concerning the original November 10, 2014 judgment were lodged in this court on March 25, 2015. While. 5 Chers did not file an appeal, it submitted briefs in support of the Adams class’s appeal and in opposition to the Levee District’s appeal, adopting the arguments of the Adams class in extenso.

PRELIMINARY PROCEDURAL ISSUES

Initially, we address two procedural issues raised by filings made in this court for the, first time, which were referred for consideration along with the merits of the appeal.

Peremptory Exception of No Cause of Action

On May 4, 2015, the Levee District filed a peremptory exception raising the objection of no cause of action in this court, submitting for the first time that amendments made to the Louisiana Constitution in 2006, changed the law of this state. The Levee.District insists that the law no longer provides a remedy for landowners concerning, compensation, for property that is appropriated pursuant to a permanent levee servitude related to a hurricane protection project. The landowners oppose the Levee District’s exception, maintaining that constitutional law-and jurisprudence ensures that landowners receive just compensation, for. appropriated property used to improve an existing levee.
An appellate court has the discretion to decide whether to consider a peremptory exception filed for the first time at the appellate level, as long as the exception is pleaded prior to submission of the case for a decision and proof of the ground of the exception appears of record. La. Code Civ. P. art. 2163. Additionally, an appellate court may notice sua sponte, on its own motion, that a party has failed to state a cause of action. La. Code Civ. P. art. 927(B). Our review of the Levee District’s exception raising the objection of no cause of action reveals that it presents |sthe very same question of law. as raised on the merits of the Levee District’s appeal — ie., whether the law extends a remedy for compensation when a landowner’s property is appropriated pursuant to a permanent levee servitude for the purpose of a hurricane protection project. Because the exception involves the same issue as presented on the merits, it is unnecessary to discuss the exception separately. See Jarreau, 192 So.3d at 220-21, 2016 WL 1273011 at *3. See also Allen v. Shreveport Theatre Corp., 218 La. 1008, 51 So.2d 607, 609 (1951). Furthermore, for the reasons assigned in Jarrean, and reiterated later in this opinion, we find no merit to the Levee District’s exception raising the objection of no cause of action, which we hereby deny.

Motion to Dismiss Appeal

On June 30, 2015, the Adams class filed a “Motion to Dismiss Appeal and Peremptory Exception for .Want of Appellate Jurisdiction Based on Prematurity,” seeking dismissal of the Levee District’s appeal *25 and exception raising the objection of no cause of action. The -Adams class asserts that the Levee District’s-appeal was filed prematurely and this court, therefore, lacks jurisdiction to hear the appeal. In essence, the Adams class is relying on the procedural dilemma caused by the district court’s grant of the Levee District’s appeal while the Adams class’s motion for partial new trial was pending, as well as the district court’s grant of the partial new trial to clarify a portion of the original judgment while appeals by both parties were pending.
The Adams class makes the argument that the Levee District’s appeal of the November 11, 2014 final judgment granted on December 18, 2014, was premature under La. . Code Civ. P. art. 2087(D), which provides as follows:
An order of appeal is premature if granted before the court disposes of all timely filed motions for new trial or judgment notwithstanding the verdict. The order becomes effective upon the denial of such motions. (Emphasis added.)
The Adams class points out that because the district court granted, not denied, their motion for partial new trial on the limited issue of calculation of credits, and signed |fla judgment accordingly on March 11, 2015, the Levee District’s appeal never became effective pursuant to Article.2087. Thus, the Adams class asserts that this court lacks jurisdiction over the Levee District’s appeal and related peremptory exception raising the objection of no cause of action.
Opposing the motion to dismiss, the Levee District argues that the stipulated amendments to the judgment, made as a result of the grant of partial new trial, were actually permissible amendments pursuant to La. Code Civ. P. art. .1951, which provides as follows:
On motion of the court or any party, a final judgment may be amended at any time to alter the phraseology of the judgment, but not its substance, or to correct errors of .calculation. The judgment may be amended only after a hearing with notice to all parties, except that a hearing is not required if all parties' consent or if the court or the party submitting the amended judgment certifies that it was provided to all parties at least five days before the amendment and that no opposition has been received. (Emphasis added.)
-Our review of the joint stipulation, consent judgment, minutes, and transcript indicate that the district court’s ruling clearly concerned a partial new trial on a very limited issue, not an actual amendment of the original judgment. In any event,, we-conclude that the March 11, 2015 consent judgment merely clarifies what the phraseology of the original November 10, 2014 judgment meant by the phrase “credit for payments made” by the Levee District. Additionally, even if the clarification were somehow found to have effected a substantive change in the original final judgment, the parties consented to the change and that is one way of correcting an error-of substance. See LaBove v. Theriot, 597 So.2d 1007, 1010 (La.1992); Villaume v. Villaume, 363 So.2d 448, 451 (La.1978).
We find it significant that the consent judgment did not set aside or replace the original final judgment that was appealed by both the Levee District and the Adams class. A motion for new trial by one party does not operate as if it were a motion for new trial on behalf of all parties. See Thurman v. Star Elec. Supply, Inc., 283 So.2d 212, 215-16 (La.1973). Pursuant to La. Code Civ. P. art. 1971, a |10district court is vested with discretion to hold a final judgment in'abeyance as to all parties and issues, even though the court grants a *26 motion for new trial as to less than all parties or issues.[1] The colloquy between the district court and the parties at the hearing on the partial new trial motion indicates that' everyone understood that both parties were still appealing the original final judgment.[2] Thus, it is apparent that the original judgment was being held in abeyance pending the district court’s disposition of the motion for- partial new trial.
The Adams class did not file the motion to dismiss the Levee District’s appeal until after the district court entered the consent judgment following the grant of a partial new trial. The Adams class ostensibly ignores the dilemma presented by the timing of its own motion for appeal from the original judgment, which was filed after its motion for partial new trial and arguably resulted in the waiver of any light they had to seek further clarification of the original judgment by means of a motion for partial new trial. See Collins v. Clayton, 2013-1840 (La.App. 1st Cir.5/7/14), 2014 WL 2711805, *2 (unpublished), writ denied, 2014-1318 (La.2/13/15), 159 So.3d 460; Grant v. Federal Land Bank, 586 So.2d 685, 688 (La.App. 2d Cir.1991). Given this unique procedural posture, we find that this court has jurisdiction over these appeals because both of the orders granting appeals to the parties were signed before the consent judgment was entered. See La. Code Civ. P. art. 2088 (the jurisdiction of the district court is divested once an order of appeal is granted, except for certain enumerated matters, which, do not include the granting of a partial new trial.)
Appeals are favored in the law. Thomas v. Bridges, 2012-1439 (La.App. 1st Cir.6/28/13), 120 So.3d 338, 341, affirmed, 2013-1855 (La.5/7/14), 144 So.3d 1001. An appeal should be maintained unless a legal ground for dismissal is clearly shown. An appeal is not to be dismissed for a mere technicality. Unless the ground urged for dismissal is free from doubt, the appeal should not be dismissed. Id. It is readily apparent from the appellate record that both appeals from the original judgment are being pursued. The Levee District and the Adams class each obtained orders of appeal after the original judgment was signed, and the district court acknowledged that its action at the hearing on the partial new trial motion “extends the return date.” The record has been lodged in this court and briefs have *27 been filed concerning issues in the original judgment, but not the consent judgment. Under these circumstances, we conclude that dismissal of either of these appeals is not clearly and unequivocally required under the law. Accordingly, we find no merit to the Adams class’s motion to dismiss the Levee District’s appeal. Therefore, we deny the motion to dismiss and, in the interest of justice and judicial economy, we maintain both appeals and proceed to a consideration of the merits of the appeals. See La. Code Civ. P. art. 2164 (an appellate court “shall render any judgment which is just, legal, and proper upon the record on appeal.”)

STANDARD OF REVIEW

We recently outlined the appropriate standard of review in Jarreau, 192 So.3d at 220-21, 2016 WL 1273011 at *3, for actions concerning just compensation and damages related to appropriated property, as follows:
112[F]actual determinations as to the value of property and entitlement to any type of damages will not be disturbed on review in the absence of manifest error. West Jefferson Levee District v. Coast Quality Const. Corp., 93-1718 (La.5/23/94), 640 So.2d 1258, 1277, cert. denied, 513 U.S. 1083, 115 S.Ct. 736, 130 L.Ed.2d 639. Similarly, where the testimony of experts and witnesses is contradictory and the trial .court decides to give more or less weight to the testimony of certain experts and witnesses, the trial court’s findings cannot be overturned unless manifest error appears in the record. Id. Opinions of experts regarding valuation are advisory and are used only to assist the trial court in determining the amount of compensation due. The weight to be given to expert testimony is determined by the trier of fact based on- the professional qualifications and experience of the expert, the facts and studies upon which the opinion is based, the familiarity with the locality of the property involved, and the possible bias of the witness in favor of the side for whom he testifies. Id. Where the experts disagree as to the value of the land taken, the trial court has much discretion in evaluating and determining the weight to be given to each expert. Id.
⅜ ⅜ ⅝
Moreover, an appellate court will conduct a de novo review of the facts and not give deference to a trial court’s findings of fact where the trial court has made erroneous conclusions of law. West Jefferson Levee District, 640 So.2d at 1278.

LAW AND ANALYSIS

Just Compensation

Notably in these consolidated appeals, it is not necessary to review the district court’s factual determinations concerning the actual appraised values of the appropriated properties for manifest error, because none of the parties challenge the district court’s assessment of the fair market value as indicated by the landowners’ expert witness, Dr. Rodolfo J. Aguilar.[3] Rather, the parties argue that the district court made erroneous conclusions of law regarding compensation. The Levee District’s primary argument is that the district court erred in awarding amj eompen- *28 sation at all to the landowners for the appropriated property. Conversely, the landowners maintain that they should have been awarded additional compensation for the value of the excavated dirt from each tract of land, or | ^alternatively, they argue that the district court erred in awarding only 80% of the appraised values.
The Levee District relies on limiting language found in constitutional- amendments passed in 2006, in the wake of massive hurricane devastation in Louisiana. The constitutional amendments addressed property rights for land that is used or destroyed in the “construction, enlargement, improvement, or modification of federal or non-federal hurricane protection projects.” La. Const, art. I, § 4(G) and La, Const, art. VI, § 42(A). The effective date of the constitutional amendments to articles I and VI was October 31, 2006, well before the Resolution at issue in this case was passed on January 10, 2011. The Levee District argues that the district court failed to recognize the extremely limiting effect of the 2006 constitutional amendments on just compensation for property that is appropriated pursuant to a permanent levee servitude for a hurricane protection project.
The Levee District’s argument that the landowners are not entitled to any compensation for the appropriated property is exactly the same as it raised in the related Jarreau case. See Jarreau, 192 So.3d at 225-26, 2016 WL 1273011 at *8. In Jarreau, this court conducted an exhaustive statutory analysis and review of the 2006 constitutional amendments, as well as the related implementing statutes, and concluded that the Levee District’s position was without merit. Id. at 221-26, 2016 WL 1273011 at *4-8. We decline to reconsider Jarreau’s analysis and holding. Therefore, as in Jarrean, we hold that the landowners are entitled to compensation for their property that was appropriated pursuant to a permanent levee servitude, and that compensation is the fair market value of the property at the time of the appropriation — based on the current use of the property, before the proposed appropriated use, and -without allowing for any change in value caused by levee construction, i.e„ no allowance for the excavated dirt and no allowance for a change in the percentage of use of the property by landowners that is- caused by the levee servitude. See Jarreau, 192 So.3d at 225-26, 2016 WL 1273011 at *8. See also La Const. art. VI, § 42 and La. R.S. 38:301(C)(l)(h).
| ^Consequently, we find no merit in the Levee District’s position that the landowners are not entitled to any compensation at all. For the same reasons, we find no merit in the landowners’ argument that they are entitled to additional compensation for the value of the excavated dirt. However, we agree with the landowners’ alternative argument that the district court erred in awarding only 80% of the appraised values. The landowners are entitled to 100% of the fair market value of the appropriated properties, without allowing for any change in value caused by the levee construction pursuant to the permanent servitude. See Jarreau, 192 So.3d at 225-26, 2016 WL 1273011 at *8. Accordingly, we amend the district court judgment to reflect that the Levee District is ordered to pay the landowners 100% of the appraised fair market values for the appropriated property as indicated by the testimony of expert witness, Dr. Aguilar, and subject to a credit to the Levee District for payments previously made and as determined by the district court.

Attorney Fees

The Levee District also urges this court to adjust the district court’s award of attorney fees in favor of the landowners, *29 arguing that such awards in levee appropriation cases is limited by statute, La. R.S. 38:301(C)(2)(f), and cannot exceed 25% of the difference between the amount of compensation awarded for the appropriated property and the amount originally offered by the Levee District. The Levee District maintains that the district court misapplied the statute by calculating the 25% attorney fees on the entire amount awarded rather than the difference awarded. The landowners counter that the appropriate statute concerning attorney fees in this case is mandated by La. R.S. 13:5111, directing that the award should be for reasonable attorney fees actually incurred in appropriation proceedings such as this.
In Jarreau, 192 So.3d at 232-34, 2016 WL 1273011, *14, we held that the controlling statute concerning attorney fees in proceedings involving compensation for appropriated property is La. R.S. 13:5111, entitled “Appropriation of property by state, parish, | ^municipality or agencies thereof; attorney, engineering and appraisal fees; prescription [emphasis added].” That statute provides, in pertinent part:
A. A court of Louisiana rendering a judgment for the plaintiff, in a proceeding brought against the state of Louisiana ... or other political subdivision ... for compensation for the taking of property by the defendant, other than through an expropriation proceeding, shall determine and award to the plaintiff, as a part of the- costs of court, such .sum as will, in the opinion of the court, compensate for reasonable attorney fees actually incurred because of such proceeding. [Emphasis added.]
Based upon our analysis and ruling in Jarreau, we conclude that the district court applied the incorrect statute for the attorney fees award in this case. Furthermore, our review of the record does not reveal any evidence of the actual attorney-fees incurred by the landowners or any concomitant determination of reasonableness made by. the district court. Accordingly, we find it necessary to vacate that portion of the district court’s judgment concerning attorney fees, and we remand this matter for a hearing so that evidence of reasonable attorney fees actually incurred by the landowners can be considered by the district court before attorney fees are awarded.

CONCLUSION

For the assigned reasons, we deny all preliminary exceptions and motions filed in this court and we vacate that portion of the district court’s judgment concerning attorney fees. Additionally, we amend the judgment rendered.by the. district court to reflect that the landowners are entitled to 100% of the appraised fair market values concerning the appropriated property, and as amended, we affirm. .This matter is remanded to the district court for a hearing concerning the reasonableness of the attorney fees actually incurred by the landowners. All costs of this appeal in the amount of $10,663.38. are assessed to the South Lafourche Levee District.
PEREMPTORY EXCEPTION RAISING THE OBJECTION OF NO CAUSE OF ACTION AND MOTION TO DISMISS APPEAL DENIED; TRIAL COURT JUDGMENT VACATED IN PART, AMENDED IN PART AND, AS AMENDED, AFFIRMED; CASE REMANDED WITH INSTRUCTIONS.
PETTIGREW, J. concurs.
CRAIN, J. concurs and assigns reasons.

. If a new trial is granted as to less than all parties or issues, the judgment may be held in abeyance as to all parties and issues. La. Code Civ. P. art. 1971. See also Thurman, 283 So.2d at 217 (“fi]n the absence of clear and compelling reasons,” the entire judgment should be considered automatically held in abeyance as to all issues until all issues are resolved following the partial néw trial); Boyd v. Allied Signal, Inc., 2007-1409 (La.App. 1st Cir. 10/17/08), 997 So.2d 111, 116, writ denied, 2008-2682 (La.1/16/09), 998 So.2d 105.

. THE COURT:
All right. The matter’s before the Court for the motion for new trial. The parties enter[ed] a joint stipulation as to the facts to be determined at the trial on the new trial. Because it’s a joint stipulation signed by the parties, I’m going to order counsel for [the] Adams [class] to prepare a judgment in conformity with the joint stipulation and I’ll sign it, to be included with the issues on appeal. I understand that.y’all have paid for your appeal, now, too.
[COUNSEL FOR ADAMS'CLASS: ]
Yes, Your Honor.

THE COURT:

So that extended the return date, so we’re all good.
[[Image here]]
[COUNSEL FOR ADAMS CLASS: ]
Thank you.
[COUNSEL FOR LEVEE DISTRICT: ]
Thank you, Judge.
[Emphasis added.]

. Dr. Aguilar assigned values according to the highest and best use (current use) of the entire tract (not just the appropriated section) at the time of the appropriation. He opined that the tracts could be categorized as agricultural/residential with ten. or less acres and an assigned value of $10,000.00 per acre, or all other tracts, including commercial/industrial, at ten or more acres, with an assigned value of $12,000.00 per acre.